TAYLOR *v.* COUNTY OF GENESEE.

1. TAXATION—MORTGAGES—RECONSTRUCTION FINANCE CORPORATION.

The Reconstruction Finance Corporation which was created by act of congress, organized with the object of relieving the financial distress, whose capital stock was subscribed by the United States at the expense of its treasury, entitled to the free use of the mails and whose obligations were guaranteed by the United States, is a Federal agency which is not required to pay a mortgage tax to the State as a condition precedent to the recording of a mortgage (15 USCA, § 601 *et seq.;* 1 Comp. Laws 1929, §§ 3641, 3647).

2. SAME—MORTGAGES.

The duty to pay the mortgage tax in this State rests upon the mortgagee.

3. SAME—FEDERAL AGENCIES—STATES.

General rule that States may not tax an agency or instrumentality of the Federal government, except within the limits prescribed by congress, does not prohibit States from enacting legislation

which does not impair the usefulness of such instrumentalities to serve the Federal government.

4. SAME — MORTGAGES — RECONSTRUCTION FINANCE CORPORATION — STATE INTERFERENCE WITH FEDERAL AGENCIES.

State mortgage taxes on trust mortgages which were paid under protest by receiver of a State bank who had an agreement with the Reconstruction Finance Corporation in connection with a loan upon assets pledged with it and secured by such trust mortgages "to pay * * * all taxes levied or assessed upon the same * * * and all fees for filing and recording mortgages * * * required by the corporation" *held*, to have laid no direct burden upon an instrumentality of the Federal government; such interference, if any, being too slight to invoke the rule of immunity of Federal agencies from State legislation (15 USCA, § 601 *et seq.;* 1 Comp. Laws 1929, §§ 3641, 3647).

5. COSTS—PUBLIC QUESTION—TAX ON MORTGAGE EXECUTED TO RECONSTRUCTION FINANCE CORPORATION.

No costs are allowed in suit to determine whether or not receiver of State bank with assets pledged to the Reconstruction Finance Corporation need pay mortgage tax on trust mortgage executed as security for the loan, a public question being involved.

Appeal from Genesee; Gadola (Paul V.), J. Submitted October 12, 1938. (Docket No. 8, Calendar No. 39,811.) Decided December 21, 1938. Rehearing denied March 10, 1939.

Assumpsit by Herman G. Taylor, successor receiver of Union Industrial Trust & Savings Bank, against County of Genesee, a municipal corporation, to recover amount of mortgage tax paid under protest. Judgment for defendant. Plaintiff appeals. Affirmed.

*Brownell & Gault* (*Morris Zwerdling,* of counsel), for plaintiff.

*Joseph R. Joseph,* for defendant.

*Butzel, Eaman, Long, Gust & Bills* (*Charles B. Marks,* of counsel), for Reconstruction Finance Corporation, *amicus curiæ,* on rehearing.

SHARPE, J. In October, 1933, Mark A. Wilson as receiver of the Union Industrial Trust & Savings Bank, of Flint, Michigan, entered into an agreement with the Reconstruction Finance Corporation for the purpose of making a loan to pay bank debts and pay a dividend to depositors.

The agreement upon which the loan was made provided in part as follows:

"Applicant agrees to take all necessary action to preserve the lien of any obligation pledged hereunder from impairment by limitation or otherwise, and agrees to pay, or cause to be paid, promptly when due, if funds are available for the purpose, all insurance premiums and other charges or expenses necessary for the enforcement, preservation and/or protection of any security pledged hereunder, and all taxes levied or assessed upon the same or upon the income thereof, and all fees for filing and recording mortgages and the like, or assignments thereof, required by the corporation."

Certain trust mortgages and agreements were executed by the receiver as security for the loan. January 12, 1934, the trust mortgages were presented to the register of deeds for recording. The register of deeds refused to record the same until the statutory mortgage tax was paid. 1 Comp. Laws 1929, § 3647 (Stat. Ann. § 7.428). Whereupon the receiver advanced the sum of $9,310 and paid the same to the county treasurer under written protest. The protest specified that the instruments presented for record were to secure a loan from the Reconstruction Finance Corporation; that the Reconstruction Finance Corporation was an agency of the Federal government; that the tax was a tax upon an instrumentality of the Federal government; and that the property was already assessed for taxes by State and local authorities.

Plaintiff as receiver of the bank instituted a suit to recover the amount paid the county treasurer of Genesee county. In July, 1937, the trial court entered judgment in favor of defendant. Plaintiff appeals.

It is contended on behalf of defendant that the fact that plaintiff is a private corporation organized for profit and doing business with the Reconstruction Finance Corporation does not clothe it with the immunities from taxation that a Federal agency is entitled to.

The tax exacted was levied under 1 Comp. Laws 1929, § 3641,* which provides:

"A tax of fifty cents for each one hundred dollars and each remaining major fraction thereof of the principal debt or obligation which is, or under any contingency may be, secured by a mortgage upon real property situated within this State * * * is hereby imposed on each such mortgage, * * * *Provided further,* * * * The tax imposed by this section shall be in addition to the recording fee now provided for by law."

There seems to be no serious dispute over the fact that the Reconstruction Finance Corporation is an instrumentality of the Federal government. See *Baltimore National Bank* v. *State Tax Commission of Maryland,* 297 U. S. 209 (56 Sup. Ct. 417). It was created by act of congress,† organized with the object of relieving the financial distress; its capital stock was subscribed by the United States of America and at the expense of the treasury of the United States; it is entitled to the free use of the mails and its obligations, both as to principal and interest, are guaranteed by the United States. It is an arm of the Federal government created and conceived to serve the

---

* For present law, see Comp. Laws Supp. 1935, § 3641 (Stat. Ann. § 7.421)—REPORTER.
† See 15 USCA, § 601 *et seq.*—REPORTER.

public welfare. It is a general rule that States may not tax an agency or instrumentality of the Federal government, except within the limits prescribed by congress. *M'Culloch* v. *State of Maryland,* 4 Wheat. (17 U. S.) 316; *Clallam County* v. *United States,* 263 U. S. 341 (44 Sup. Ct. 121). In our opinion the Reconstruction Finance Corporation is such an agency and is not required to pay a mortgage tax as a condition precedent to the recording of a mortgage.

The duty to pay the mortgage tax in this State rests upon the mortgagee. In *Union Guardian Trust Co.* v. *Crawford,* 270 Mich. 207, we said:

"It is also well settled that under our present tax law it is the duty of the mortgagee and not the mortgagor to pay the mortgage tax."

See, also, *Macdonald* v. *Betts,* 246 Mich. 585; *Lippman* v. *Featherston,* 247 Mich. 153; *Prestage* v. *Hanley,* 259 Mich. 97.

In the instant case, by agreement between the parties, the plaintiff bank "agrees to pay, or cause to be paid * * * all fees for filing and recording mortgages." The rule which exempts the instrumentalities of the Federal government from the interference of State legislation is limited by the principle that State legislation which does not impair the usefulness of such instrumentalities to serve the Federal government is not within the rule of prohibition.

In *National Bank* v. *Commonwealth,* 9 Wall. (76 U. S.) 353, 362, the court said:

"The principle we are discussing has its limitation, a limitation growing out of the necessity on which the principle itself is founded. That limitation is, that the agencies of the Federal government are only exempted from State legislation, so far as that legislation may interfere with, or impair their efficiency in performing the functions by which they are

designed to serve that government. Any other rule would convert a principle founded alone in the necessity of securing to the government of the United States the means of exercising its legitimate powers, into an unauthorized and unjustifiable invasion of the rights of the States. The salary of a Federal officer may not be taxed; he may be exempted from any personal service which interferes with the discharge of his official duties, because those exemptions are essential to enable him to perform those duties. But he is subject to all the laws of the State which affect his family or social relations, or his property, and he is liable to punishment for crime, though that punishment be imprisonment or death. So of the banks. They are subject to the laws of the State, and are governed in their daily course of business far more by the laws of the State than of the nation. All their contracts are governed and construed by State laws. Their acquisition and transfer of property, their right to collect their debts, and their liability to be sued for debts, are all based on State law. It is only when the State law incapacitates the banks from discharging their duties to the government that it becomes unconstitutional. We do not see the remotest probability of this, in their being required to pay the tax which their stockholders owe to the State for the shares of their capital stock, when the law of the Federal government authorizes the tax.''

See, also, *Davis* v. *Elmira Savings Bank,* 161 U. S. 275 (16 Sup. Ct. 502); *Alward* v. *Johnson,* 282 U. S. 509 (51 Sup. Ct. 273, 75 A. L. R. 9).

In *Tirrell* v. *Johnston,* 86 N. H. 530, 544 (171 Atl. 641), the court said:

''At some point the interference becomes too remote to warrant an application of the immunity which has been implied from the sovereign nature of the Federal government. When that point is reached, the power of the State prevails.''

Under the agreement above noted, it is our conclusion that in the case at bar the tax imposed by the Michigan mortgage tax statute (1 Comp. Laws 1929, § 3641) lays no direct burden upon an instrumentality of the Federal government. The use made by plaintiff bank of a Federal agency does not clothe plaintiff with the immunities of such agency. The interference, if any, was too slight to invoke the rule of immunity.

The judgment of the trial court is affirmed. No costs will be allowed as a public question is involved.

BUSHNELL, POTTER, CHANDLER, NORTH, and MC-ALLISTER, JJ., concurred with SHARPE, J. WIEST, C. J., concurred in the result. BUTZEL, J., did not sit.