FEDERAL RESERVE BANK OF MINNEAPOLIS *v.* DELTA COUNTY REGISTER OF DEEDS.

1. TAXATION—FEDERAL RESERVE BANK MORTGAGES.

   A Federal reserve bank, being an operating agency of the Federal government, is not required to pay tax to State on mortgages securing a loan from it authorized by law (12 USCA, §§ 352a, 531; 1 Comp. Laws 1929, § 3641, as amended by Act No. 13, Pub. Acts 1934 [1st Ex. Sess.], and Act No. 14, Pub. Acts 1935).

2. SAME—FEDERAL GOVERNMENT PROPERTY AND AGENCIES.

   The means, operations, instruments, and the property of the Federal government are immune from State taxation (12 USCA, § 531).

3. SAME—PAYMENT UNDER PROTEST NOT A WAIVER OF STATUTORY IMMUNITY.

   Payment of tax under protest does not constitute a waiver of immunity extended Federal agencies by statute imposing tax on mortgages (1 Comp. Laws 1929, § 3641, as amended by Act No. 13, Pub. Acts 1934 [1st Ex. Sess.], and Act No. 14, Pub. Acts 1935).

4. COSTS—PUBLIC QUESTION—MORTGAGE TAX—FEDERAL RESERVE
   BANK.

    No costs are allowed on appeal in mandamus action to compel a
register of deeds to register a mortgage given to a Federal
reserve bank without payment of mortgage tax, a question of
public moment being involved (1 Comp. Laws 1929, § 3641, as
amended by Act No. 13, Pub. Acts 1934 [1st Ex. Sess.], and
Act No. 14, Pub. Acts 1935).

Appeal from Delta; Bell (Frank A.), J.   Submitted February 1, 1939.   (Calendar No. 40,047.)   Decided March 9, 1939.

Petition by Federal Reserve Bank of Minneapolis for a writ of mandamus to compel Werner Olson, Register of Deeds of Delta County, to record a mortgage without payment of tax.   Writ granted. Defendant reviews by appeal in the nature of certiorari.   Affirmed.

*Glenn W. Jackson* (*Herbert J. Rushton* and *Ueland & Ueland,* of counsel), for plaintiff.

*Thomas Read,* Attorney General, *Edmund E. Shepherd* and *G. Mennen Williams,* Assistants Attorney General, and *William J. Miller,* Prosecuting Attorney, for defendant.

WIEST, J.   The Federal Reserve Bank of Minneapolis in 1938 loaned $800,000 to the Escanaba Paper Company, secured by mortgage on real estate in Delta and Marquette counties, this State.   The register of deeds for Delta county refused to record the mortgage without payment of the mortgage tax hereinafter mentioned.   Claiming immunity from the tax under Federal and State statutory provisions, the Federal Bank, as mortgagee, petitioned the circuit court for the county of Delta to issue a writ of mandamus directing the register of deeds to

record the mortgage without payment of the tax, and the court issued the writ.

Review is here by appeal in the nature of certiorari.

The loan being for industrial purposes was authorized by law. 12 USCA, § 352a. Federal reserve banks are exempt from taxation as follows:

"Federal reserve banks, including the capital stock and surplus therein, and the income derived therefrom, shall be exempt from Federal, State, and local taxation, except taxes upon real estate." 12 USCA, § 531.

2 Comp. Laws 1929, § 3641 *et seq.*, levies a tax of 50 cents on each 100 dollars secured by mortgage on real property, to be paid to and collected by the county treasurer before the recording of such instrument by the register of deeds. That law did not at first carry the exemption here claimed but, by Act No. 13, Pub. Acts 1934 (1st Ex. Sess.), the following amendment was made:

"No tax shall be imposed upon any building and loan mortgage *or upon any mortgage made and running to the reconstruction finance corporation or to any other United States governmental corporation or agency.*" *

Further amendment was made by Act No. 14, Pub. Acts 1935, and the law now reads:

"No tax shall be imposed upon any building and loan mortgage or upon any mortgage made and running to the reconstruction finance corporation or to any other United States governmental corporation or agency or trustee for the benefit of such governmental corporation or agency, *to secure a loan from such governmental corporation or agency.*" *

---

* Italicized portion added by last amendment.—REPORTER.

See Comp. Laws Supp. 1935, § 3641 (Stat. Ann. § 7.422).

The question is whether this mortgage to the Federal reserve bank comes within the immunity mentioned. Sufficient answer is found in the mentioned Michigan enactment. The Federal reserve bank is an operating agency of the Federal government. Its creation was to supply a need of the national government.

The title to the Federal reserve bank act reads:

"An act to provide for the establishment of Federal reserve banks to furnish an elastic currency, to afford means of rediscounting commercial paper, to establish a more effective supervision of banking in the United States, and for other purposes." 38 U. S. Stat. at L., p. 251.

In *Geery* v. *Minnesota Tax Commission,* 202 Minn. 366 (278 N. W. 594), the supreme court of Minnesota held that the salary of the governor of the Federal Reserve Bank of Minneapolis was exempt from the income tax of that State. The court, in the course of the opinion, stated:

"The rule is well settled that the government may employ a corporation as its agency or instrumentality for the execution of its powers, and a State is without authority to tax the instruments, or compensation of persons, which the United States may use and employ as necessary and proper means to execute its sovereign power. *New York, ex rel. Rogers,* v. *Graves,* 299 U. S. 401 (57 Sup. Ct. 269) ; *Dobbins* v. *Commrs. of Erie County,* 16 Pet. (41 U. S.) 435, 448. The immunity from State taxation upon the means, the operations, and the instruments of the Federal government is just as firmly established as is the immunity of the government's property itself. * * *

"What, then, were the purposes of the government in establishing the Federal reserve banks? And were those purposes an exertion of its sovereign functions? In *Raichle* v. *Federal Reserve Bank of New York,* 34 Fed. (2d) 910 (67 A. L. R. 1167), the circuit court of appeals of the second circuit reviewed at some length the legislation in this country leading up to the Federal reserve act (12 USCA, § 221 *et seq.*). We need not quote from that opinion, but comment was there made on the inadequacy of the national banking system as a central regulating force for protection against undue expansion or contraction of credit, or for the controlling of interest rates, or for preventing or lessening financial stringencies or panics. The committee report transmitting the bill to the senate stated the object of the Federal reserve act to be the establishment of a more uniform rate of discount throughout the United States; to prevent the over-expansion or -contraction of credit; to effectuate the general economy of reserves so as to make them available in any section of the country and thus to prevent the suspension of payments by banks; the furnishing of an elastic currency by the abolition of the existing bond-secured note-issue in whole or in part, and the substitution of a freely issued and adequately protected system of bank notes, which should be available to all institutions which had the proper class of paper for presentation; and the commercial use of funds of the government then isolated in the treasury and subtreasuries, as well as a general supervision of the banking business and the creation of a market for commercial paper. * * *

"In 'unusual and exigent circumstances' they may with the permission of the board and upon restricted security make loans to individuals and corporations if such loans cannot be obtained elsewhere (section 343), and in ordinary times they may make loans to private business on the security of governmental obligations only (section 347)."

We omit further quotation.

It is suggested by the attorney general that the mortgage tax has been paid and this fact and our opinion in *Taylor* v. *County of Genesee,* 286 Mich. 674, renders the question here presented moot.

The mortgage tax, having been paid under protest, ought not to be taken as a waiver of the immunity extended by the Michigan statute.

The immunity claimed and denied in *Taylor* v. *County of Genesee, supra,* was upon an instrument antedating enactment of the immunity mentioned, and besides, in that case, the mortgagee exacted an agreement on the part of the mortgagor to pay the tax and, in pursuance of such agreement, the tax was paid.  Under such circumstances the mortgagee had no occasion to assert its immunity, if any, and the mortgagor was not entitled to be relieved from consequences of the exacted and performed agreement.

Without further extending this opinion and citing and analyzing cases, we hold that under the Michigan statute the mortgage here involved was exempt from the tax, and the circuit court for the county of Delta was not in error in ordering the recording thereof without payment of the tax.

Affirmed.  The question being of public moment there will be no costs to either party.

BUTZEL, C. J., and BUSHNELL, SHARPE, POTTER, CHANDLER, and McALLISTER, JJ., concurred.  NORTH, J., took no part in this decision.