John L. LEWIS, Plaintiff/Appellant,

v.

UNITED STATES of America,
Defendant/Appellee.

No. 80–5905.

United States Court of Appeals,
Ninth Circuit.

Submitted March 2, 1982.

Decided April 19, 1982.

As Amended June 24, 1982.

Lafayette L. Blair, Compton, Cal., for plaintiff/appellant.

James R. Sullivan, Asst. U. S. Atty., Los Angeles, Cal., argued, for defendant/appellee; Andrea Sheridan Ordin, U. S. Atty., Los Angeles, Cal., on brief.

Before POOLE and BOOCHEVER, Circuit Judges, and SOLOMON, District Judge.*

POOLE, Circuit Judge:

On July 27, 1979, appellant John Lewis was injured by a vehicle owned and operated by the Los Angeles branch of the Federal Reserve Bank of San Francisco. Lewis brought this action in district court alleging jurisdiction under the Federal Tort Claims Act (the Act), 28 U.S.C. § 1346(b). The United States moved to dismiss for lack of subject matter jurisdiction. The district court dismissed, holding that the Federal Reserve Bank is not a federal agency within the meaning of the Act and that the court therefore lacked subject matter jurisdiction. We affirm.

* The Honorable Gus J. Solomon, Senior District Judge for the District of Oregon, sitting by

In enacting the Federal Tort Claims Act, Congress provided a limited waiver of the sovereign immunity of the United States for certain torts of federal employees. *United States v. Orleans*, 425 U.S. 807, 813, 96 S.Ct. 1971, 1975, 48 L.Ed.2d 390 (1976). Specifically, the Act creates liability for injuries "caused by the negligent or wrongful act or omission" of an employee of any federal agency acting within the scope of his office or employment. 28 U.S.C. §§ 1346(b), 2671. "Federal agency" is defined as:

> the executive departments, the military departments, independent establishments of the United States, and corporations acting primarily as instrumentalities of the United States, but does not include any contractors with the United States.

28 U.S.C. § 2671. The liability of the United States for the negligence of a Federal Reserve Bank employee depends, therefore, on whether the Bank is a federal agency under § 2671.

There are no sharp criteria for determining whether an entity is a federal agency within the meaning of the Act, but the critical factor is the existence of federal government control over the "detailed physical performance" and "day to day operation" of that entity. *United States v. Orleans*, 425 U.S. 807, 814, 96 S.Ct. 1971, 1975, 48 L.Ed.2d 390 (1976), *Logue v. United States*, 412 U.S. 521, 528, 93 S.Ct. 2215, 2219, 37 L.Ed.2d 121 (1973). Other factors courts have considered include whether the entity is an independent corporation, *Pearl v. United States*, 230 F.2d 243 (10th Cir. 1956), *Freeling v. Federal Deposit Insurance Corporation*, 221 F.Supp. 955 (W.D. Okla.1962), aff'd per curiam, 326 F.2d 971 (10th Cir. 1963), whether the government is involved in the entity's finances. *Goddard v. District of Columbia Redevelopment Land Agency*, 287 F.2d 343, 345 (D.C.Cir. 1961), *cert. denied*, 366 U.S. 910, 81 S.Ct. 1085, 6 L.Ed.2d 235 (1961), *Freeling v. Federal Deposit Insurance Corporation*, 221

designation.

F.Supp. 955, and whether the mission of the entity furthers the policy of the United States, *Goddard v. District of Columbia Redevelopment Land Agency*, 287 F.2d at 345. Examining the organization and function of the Federal Reserve Banks, and applying the relevant factors, we conclude that the Reserve Banks are not federal instrumentalities for purposes of the FTCA, but are independent, privately owned and locally controlled corporations.

Each Federal Reserve Bank is a separate corporation owned by commercial banks in its region. The stockholding commercial banks elect two thirds of each Bank's nine member board of directors. The remaining three directors are appointed by the Federal Reserve Board. The Federal Reserve Board regulates the Reserve Banks, but direct supervision and control of each Bank is exercised by its board of directors. 12 U.S.C. § 301. The directors enact by-laws regulating the manner of conducting general Bank business, 12 U.S.C. § 341, and appoint officers to implement and supervise daily Bank activities. These activities include collecting and clearing checks, making advances to private and commercial entities, holding reserves for member banks, discounting the notes of member banks, and buying and selling securities on the open market. *See* 12 U.S.C. §§ 341–361.

Each Bank is statutorily empowered to conduct these activities without day to day direction from the federal government. Thus, for example, the interest rates on advances to member banks, individuals, partnerships, and corporations are set by each Reserve Bank and their decisions regarding the purchase and sale of securities are likewise independently made.

It is evident from the legislative history of the Federal Reserve Act that Congress did not intend to give the federal government direction over the daily operation of the Reserve Banks:

> It is proposed that the Government shall retain sufficient power over the reserve banks to enable it to exercise a direct authority when necessary to do so, but that it shall in no way attempt to carry on through its own mechanism the routine operations and banking which require detailed knowledge of local and individual credit and which determine the funds of the community in any given instance. In other words, the reserve-bank plan retains to the Government power over the exercise of the broader banking functions, while it leaves to individuals and privately owned institutions the actual direction of routine.

H.R. Report No. 69, 63 Cong. 1st Sess. 18–19 (1913).

The fact that the Federal Reserve Board regulates the Reserve Banks does not make them federal agencies under the Act. In *United States v. Orleans*, 425 U.S. 807, 96 S.Ct. 1971, 48 L.Ed.2d 390 (1976), the Supreme Court held that a community action agency was not a federal agency or instrumentality for purposes of the Act, even though the agency was organized under federal regulations and heavily funded by the federal government. Because the agency's day to day operation was not supervised by the federal government, but by local officials, the Court refused to extend federal tort liability for the negligence of the agency's employees. Similarly, the Federal Reserve Banks, though heavily regulated, are locally controlled by their member banks. Unlike typical federal agencies, each bank is empowered to hire and fire employees at will. Bank employees do not participate in the Civil Service Retirement System. They are covered by worker's compensation insurance, purchased by the Bank, rather than the Federal Employees Compensation Act. Employees traveling on Bank business are not subject to federal travel regulations and do not receive government employee discounts on lodging and services.

The Banks are listed neither as "wholly owned" government corporations under 31 U.S.C. § 846 nor as "mixed ownership" corporations under 31 U.S.C. § 856, a factor considered in *Pearl v. United States*, 230 F.2d 243 (10th Cir. 1956), which held that the Civil Air Patrol is not a federal agency under the Act. Closely resembling the sta-

tus of the Federal Reserve Bank, the Civil Air Patrol is a non-profit, federally chartered corporation organized to serve the public welfare. But because Congress' control over the Civil Air Patrol is limited and the corporation is not designated as a wholly owned or mixed ownership government corporation under 31 U.S.C. §§ 846 and 856, the court concluded that the corporation is a non-governmental, independent entity, not covered under the Act.

Additionally, Reserve Banks, as privately owned entities, receive no appropriated funds from Congress. *Cf. Goddard v. District of Columbia Redevelopment Land Agency*, 287 F.2d 343, 345 (D.C.Cir.1961), *cert. denied*, 366 U.S. 910, 81 S.Ct. 1085, 6 L.Ed.2d 235 (1961) (court held land redevelopment agency was federal agency for purposes of the Act in large part because agency received direct appropriated funds from Congress.)

Finally, the Banks are empowered to sue and be sued in their own name. 12 U.S.C. § 341. They carry their own liability insurance and typically process and handle their own claims. In the past, the Banks have defended against tort claims directly, through private counsel, not government attorneys, *e.g., Banco De Espana v. Federal Reserve Bank of New York*, 114 F.2d 438 (2d Cir. 1940); *Huntington Towers v. Franklin National Bank*, 559 F.2d 863 (2d Cir. 1977); *Bollow v. Federal Reserve Bank of San Francisco*, 650 F.2d 1093 (9th Cir. 1981), and they have never been required to settle tort claims under the administrative procedure of 28 U.S.C. § 2672. The waiver of sovereign immunity contained in the Act would therefore appear to be inapposite to the Banks who have not historically claimed or received general immunity from judicial process.

■ The Reserve Banks have properly been held to be federal instrumentalities for some purposes. In *United States v. Hollingshead*, 672 F.2d 751 (9th Cir. 1982), this court held that a Federal Reserve Bank employee who was responsible for recommending expenditure of federal funds was a "public official" under the Federal Brib-ery Statute. That statute broadly defines public official to include any person acting "for or on behalf of the Government." S. Rep. No. 2213, 87th Cong., 2nd Sess. (1962), *reprinted in* [1962] U.S. Code Cong. & Ad. News 3852, 3856. *See* 18 U.S.C. § 201(a). The test for determining status as a public official turns on whether there is "substantial federal involvement" in the defendant's activities. *United States v. Hollingshead*, 672 F.2d at 754. In contrast, under the FTCA, federal liability is narrowly based on traditional agency principles and does not necessarily lie when the tortfeasor simply works for an entity, like the Reserve Banks, which perform important activities for the government.

■ The Reserve Banks are deemed to be federal instrumentalities for purposes of immunity from state taxation. *Federal Reserve Bank of Boston v. Commissioner of Corporations & Taxation*, 499 F.2d 60 (1st Cir. 1974), *after remand*, 520 F.2d 221 (1st Cir. 1975); *Federal Reserve Bank of Minneapolis v. Register of Deeds*, 288 Mich. 120, 284 N.W. 667 (1939). The test for determining whether an entity is a federal instrumentality for purposes of protection from state or local action or taxation, however, is very broad: whether the entity performs an important governmental function. *Federal Land Bank v. Bismarck Lumber Co.*, 314 U.S. 95, 102, 62 S.Ct. 1, 5, 86 L.Ed. 65 (1941); *Rust v. Johnson*, 597 F.2d 174, 178 (9th Cir. 1979), *cert. denied*, 444 U.S. 964, 100 S.Ct. 450, 62 L.Ed.2d 376 (1979). The Reserve Banks, which further the nation's fiscal policy, clearly perform an important governmental function.

Performance of an important governmental function, however, is but a single factor and not determinative in tort claims actions. *Federal Reserve Bank of St. Louis v. Metrocentre Improvement District*, 657 F.2d 183, 185 n.2 (8th Cir. 1981), *Cf. Pearl v. United States*, 230 F.2d 243 (10th Cir. 1956). State taxation has traditionally been viewed as a greater obstacle to an entity's ability to perform federal functions than exposure to judicial process; therefore tax immunity is liberally applied. *Federal*

Land Bank v. Priddy, 294 U.S. 229, 235, 55 S.Ct. 705, 708, 79 L.Ed. 1408 (1955). Federal tort liability, however, is based on traditional agency principles and thus depends upon the principal's ability to control the actions of his agent, and not simply upon whether the entity performs an important governmental function. *See United States v. Orleans*, 425 U.S. 807, 815, 96 S.Ct. 1971, 1976, 48 L.Ed.2d 390 (1976), *United States v. Logue*, 412 U.S. 521, 527–28, 93 S.Ct. 2215, 2219, 37 L.Ed.2d 121 (1973).

*Brinks Inc. v. Board of Governors of the Federal Reserve System*, 466 F.Supp. 116 (D.D.C.1979), held that a Federal Reserve Bank is a federal instrumentality for purposes of the Service Contract Act, 41 U.S.C. § 351. Citing *Federal Reserve Bank of Boston* and *Federal Reserve Bank of Minneapolis*, the court applied the "important governmental function" test and concluded that the term "Federal Government" in the Service Contract Act must be "liberally construed to effectuate the Act's humanitarian purposes of providing minimum wage and fringe benefit protection to individuals performing contracts with the federal government." *Id.* 288 Mich. at 120, 284 N.W.2d 667.

Such a liberal construction of the term "federal agency" for purposes of the Act is unwarranted. Unlike in *Brinks*, plaintiffs are not without a forum in which to seek a remedy, for they may bring an appropriate state tort claim directly against the Bank; and if successful, their prospects of recovery are bright since the institutions are both highly solvent and amply insured.

For these reasons we hold that the Reserve Banks are not federal agencies for purposes of the Federal Tort Claims Act and we affirm the judgment of the district court.

AFFIRMED.