SCHAFFER, APPELLEE, *v.* PUBLIC EMPLOYEES RETIREMENT SYSTEM, APPELLANT.

[Cite as Schaffer *v.* Pub. Emp. Retirement Sys. (1986), 21 Ohio St. 3d 86.]

(No. 85-414—Decided January 15, 1986.)

*Michael L. Thal* and *Matthew G. Harris,* for appellee.

*Anthony J. Celebrezze, Jr.,* attorney general, and *Jeffrey J. Jurca,* for appellant.

*Per Curiam.* The sole issue presented for review is whether the Federal Reserve Bank of Cleveland is an "entity operated by the United States government" so as to come within the purview of R.C. 145.293. Based on the following, we affirm the judgment of the court of appeals.

The term "operated by" as used in R.C. 145.293, could conceivably describe any of several degrees of control. Whether the words mean direct control or a more remote supervision is not clarified by a reading of the statute. From an overall review of the statutory enactments, we conclude that the General Assembly did not intend the strict degree of control argued for by appellant. Former R.C. 145.292 limited those who could purchase service credits in PERS to one who was "an employee of the United States Government."[2] It was replaced by R.C. 145.293[3] which allowed similar purchases by one with "service in any entity operated by the

---

[2] Am. S.B. No. 160, 128 Ohio Laws 169, 170, effective August 1, 1959, repealed Am. Sub. H. B. No. 268, 136 Ohio Laws, Part II, 2091, 2239, effective August 20, 1976.

[3] See Am. H. B. No. 1160, 135 Ohio Laws, Part II, 1119, effective September 30, 1974.

United States government." It would seem to be a reasonable interpretation of the enactment that the current R.C. 145.293 admits a broader class of service credit purchasers than the former R.C. 145.292, since "operated by" allows a lesser degree of control than the more direct, employment relationship. However, it remains to be inquired whether the degree of control exercised by the federal government over the federal reserve banks is sufficiently direct so as to be comprehended within the term "operated by," as used within R.C. 145.293.

The Federal Reserve System was created by an Act of Congress in 1913.[4] The system is composed of a Board of Governors, twelve regional federal reserve banks, and nearly 6,000 privately owned member banks. The Board of Governors has seven members appointed for fourteen-year terms by the President of the United States and confirmed by the Senate. This board is clearly an executive agency and exercises supervisory authority for the entire Federal Reserve System.[5]

The Board of Governors, through control of the federal reserve bank's board of directors, has a significant impact on the management of the federal reserve bank. Each board of directors directly regulates and manages the business of that bank.[6] The Board of Governors chooses three of the nine members of the board of directors. One of these three members is then designated by the Board of Governors to be chairman of the board of directors. A second member, selected as deputy chairman, sits as chairman whenever the first is absent. The third member selected is designated to preside when the other two are absent.[7] It is not without import that the Board of Governors fixes the salary of the chairman of the board of directors, and approves the salaries of all the other board members.[8] The board of directors' choice of president and first vice-president for the bank's management must be approved by the Board of Governors.[9] Among the enumerated powers of the Board of Governors are: the power to examine the books, accounts and activities of a federal reserve bank; the power to suspend or remove any officer or director; and the power to suspend the operations of and take possession of any federal reserve bank.[10] Thus, the United States government, through the Federal Reserve System, exercises substantial control over the regional federal reserve

---

[4] See Section 221, Title 12, U.S. Code, *et seq.*

[5] Sections 241 and 248(j), Title 12, U.S. Code.

[6] Sections 301-308, Title 12, U.S. Code.

[7] Sections 301 and 305, Title 12, U.S. Code.

[8] Sections 305 and 307, Title 12, U.S. Code.

[9] Section 341, Title 12, U.S. Code.

[10] Sections 248(a)(1), (f) and (h), Title 12, U.S. Code.

banks. The banks "are plainly and predominantly fiscal arms of the federal government."[11]

The applicable federal cases do not contradict this conclusion. Those federal courts which have attempted to determine whether the federal reserve banks are entities of the United States have been far from unanimous. This divergence in results has primarily depended on the words used in the statute at issue. Where the statute allowed a broader reading, the cases have consistently held that a federal reserve bank qualifies as an instrumentality or agency of the United States.[12] On the other hand, where the statute was narrowly drawn so as to include only "employees" of the United States government, then the federal reserve bank was considered a mere private entity.[13] The principal cases in this category involve determinations of whether the Federal Tort Claims Act ("FTCA") was applicable to federal reserve banks. The FTCA requires a "negligent or wrongful act or omission of [an] employee of the Government."[14] As previously shown, R.C. 145.293 does not limit the class of persons who may purchase equivalent service credit in PERS to employees of the federal government. Consequently, those federal decisions which hold that the federal reserve bank is a private entity for purposes of the FTCA are inapplicable to the facts of the case here. For purposes of this determination, we hold that the entity involved, the federal reserve bank, is a governmental entity "operated by" the United States government so as to qualify for credit within Ohio's Public Employees Retirement System.

Accordingly, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

CELEBREZZE, C.J., SWEENEY, HOLMES and C. BROWN, JJ., concur.

LOCHER, DOUGLAS and WRIGHT, JJ., dissent.

WRIGHT, J., dissenting. Like the majority I have empathy for one who is attempting to provide for his or her retirement. However, this feeling

---

[11] *Federal Reserve Bank of Boston* v. *Commr. of Corporations & Taxation* (C.A.1, 1974), 499 F. 2d 60, 62.

[12] See, *e.g., Flight Internatl. Group* v. *Federal Reserve Bank of Chicago* (D. Ga. 1984), 583 F. Supp. 674; *United States* v. *Hollingshead* (C.A.9, 1982), 672 F. 2d 751; *Federal Reserve Bank of St. Louis* v. *Memphis* (D.Tenn. 1979), 515 F. Supp. 63, affirmed (C.A.6, 1981), 649 F. 2d 462; *Federal Reserve Bank of Boston, supra; Lee Constr. Co.* v. *Federal Reserve Bank of Richmond* (D.Md. 1982), 558 F. Supp. 165.

[13] *Arney* v. *United States* (Dec. 4, 1979), D.Tenn. No. 77-3503-NA-CV, unreported; *Lewis* v. *United States* (C.A. 9, 1982), 680 F. 2d 1239.

[14] Section 1346(b), Title 28, U.S. Code.

does not override the plain fact that appellee's service with the Federal Reserve Bank of Cleveland is most certainly *not* employment by an entity that is "operated by the United States government," as that phrase is used in R.C. 145.293.

The court of appeals understood that the crucial issue is whether the federal reserve bank is operated by the United States government. However, both the court of appeals and the majority simply failed to employ basic principles of statutory interpretation that would have led to the correct result. The court of appeals indicated that it wished to apply not a "strict construction" but a "liberal construction" to the statute with an eye toward assisting the parties and obtaining substantial justice. I certainly have no quarrel with this approach. However, it is one thing to apply a liberal construction; it is quite another to ignore the plain meaning of the statute.

R.C. 145.293 provides that "[c]redit may be purchased for service rendered in another state, and service in any entity operated by the United States government." A review of the functions of the federal reserve bank within the Federal Reserve System and of the status of its employees mandates a finding that the Federal Reserve Bank of Cleveland is not operated by the United States government.

In *Lewis* v. *United States* (C.A. 9, 1982), 680 F. 2d 1239, and *Arney* v. *United States* (Dec. 4, 1979), D. Tenn. No. 77-3503-NA-CV, unreported, the courts held that federal reserve banks were not federal agents for purposes of the Federal Tort Claims Act, Section 1346(b), Title 28, U.S. Code. Both courts noted that Congress structured the reserve banks as corporate entities owned by commercial banks "under the supervision and control" of their own boards of directors and subject only to general supervision by the Board of Governors of the Federal Reserve System. See Sections 301 and 248(j), Title 12, U.S. Code. Both the *Lewis* and *Arney* courts thoroughly analyzed the operation and the legislative history of the Federal Reserve Act and found, among other things, that the federal government had no financial involvement in the banks, the banks were independent corporations, the banks primarily serviced private business and financial entities, and the federal government did *not* control the daily operation of the banks.

These courts also found that federal reserve bank employees were not subject to federal governmental control. The bank had the right to hire and fire its employees. The employees did not participate in the civil service retirement system or the federal workers' compensation programs, they were not subject to federal travel regulations, and they did not receive governmental employees discounts. The Federal Reserve Act reflects the Congressional intent that federal reserve banks remain non-governmental entities. Although federal reserve bank *policy* with respect to interest rates and the like remains under the general supervision of the federal reserve board, the banks are private entities separate and distinct from the government.

The drafters of the Federal Reserve Act made clear the private function of federal reserve banks:

"The Federal reserve banks * * * would be in effect cooperative institutions, carried on for the benefit of the community and of the banks themselves by the banks acting as stockholders therein. * * * The committee, however, recommends that they shall be individually organized and individually controlled, each holding the fluid funds of the region in which it is organized and each ordinarily dependent upon no other part of the country for assistance. The only factor of centralization which has been provided in the committee's plan is found in the Federal reserve board, which is to be a strictly Government organization created for the purpose of inspecting existing banking institutions and of regulating relationships between Federal reserve banks and between them and the government itself." H.R. Rep. No. 69, 63rd Cong., 1st Sess. (1913), 17-18.

I believe we should liberally construe statutes to promote substantial justice; however, I do not believe that we should ignore the plain meaning and the crystal clear legislative history of the Act.

Accordingly, I must respectfully dissent. I would reverse the court of appeals.

LOCHER and DOUGLAS, JJ., concur in the foregoing dissenting opinion.