42 F.3d 1389
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Alicia J. LINDSEY, Plaintiff-Appellant,
v.
FEDERAL RESERVE BANK OF ST. LOUIS; John Melzer, in his
capacity as president of the Federal Reserve Bank
of St. Louis, Defendants-Appellees.
 No. 94-5661.
 United States Court of Appeals, Sixth Circuit.
 Dec. 8, 1994.
 
 Before: LIVELY, JONES and DAUGHTREY, Circuit Judges.
 
 ORDER
 
 1
 Plaintiff, Alicia J. Lindsey, appeals the summary judgment in favor of the defendants, the Federal Reserve Bank of St. Louis--Memphis, Tennessee Branch and the bank's president, in this action brought under 42 U.S.C. Secs. 2000d and 2000e (Title VII of the Civil Rights Act of 1964), 29 U.S.C. Sec. 794 (the Rehabilitation Act), 42 U.S.C. Sec. 1981, 42 U.S.C. Sec. 1983, 29 C.F.R. Sec. 1601, and Tenn.Code Ann. Sec. 8-5-153 (the Tennessee Handicap Discrimination Claim). The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 The facts are aptly summarized in the district court's order granting summary judgment in favor of the defendants and will not be repeated here. Suffice it to say that plaintiff sued the defendants claiming that FRB's refusal to grant her request for a transfer to the day shift was the result of race and handicap discrimination. Plaintiff sought injunctive and monetary relief. The district court dismissed the section 2000d claims by order entered January 14, 1994.
 
 
 3
 On motion for summary judgment, the district court held that plaintiff failed to establish a prima facie case under Title VII, that there was no genuine issue of material fact regarding plaintiff's claim that she was handicapped within the meaning of the Rehabilitation Act, and that because plaintiff was an employee of a Federal Reserve Bank, her rights under the Tennessee Handicap Discrimination Act were preempted by federal law. The court dismissed the section 1981 and section 1983 claims pursuant to Fed.R.Civ.P. 41(a)(2) with prejudice. Lastly, the court dismissed plaintiff's claim asserted pursuant to 29 C.F.R. Sec. 1601 after concluding that there is no cause of action created by that regulation.
 
 
 4
 Upon review, we affirm the district court's order because there is no genuine issue as to any material fact and the defendants are entitled to a judgment as a matter of law. Fed.R.Civ.P. 56(c); Moore v. Holbrook, 2 F.3d 697, 699 (6th Cir.1993); Landefeld v. Marion Gen. Hosp., Inc., 994 F.2d 1178, 1181 (6th Cir.1993).
 
 
 5
 Plaintiff cannot establish a prima facie case of discrimination. See Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 252-53 (1981); McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973). To establish a prima facie case alleging an unlawful failure to transfer to day shift, a plaintiff must show: (1) that she sought a transfer to the day shift; (2) that there was a position open on the day shift; (3) that she was not transferred; and (4) that similarly situated non-minority employees were transferred to the day shift. See e.g., Barnes v. Southwest Forest Indus., Inc., 814 F.2d 607, 609 (11th Cir.1987); Whitten v. Farmland Indus., Inc., 759 F.Supp. 1522, 1537-38 (D.Kan.1991); Sherman v. Prudential-Bache Sec., Inc., 732 F.Supp. 541, 545 (E.D.Pa.1989). Plaintiff admitted that there was no opening on the shift she desired. She also failed to present evidence that any similarly situated non-minority person was transferred to the day shift.
 
 
 6
 Even if plaintiff could state a prima facie case of racial discrimination, summary judgment is proper because the defendants offered a legitimate, non-discriminatory reason for denying plaintiff's request for a transfer to the day shift; i.e., there were no daytime positions available. See Burdine, 450 U.S. at 253; Ang v. Proctor & Gamble Co., 932 F.2d 540, 548 (6th Cir.1991).
 
 
 7
 Summary judgment is proper to the extent plaintiff claimed she suffered discrimination when FRB failed to accommodate her alleged handicap as required by the Rehabilitation Act of 1973. FRB is not subject to the Rehabilitation Act. See Lewis v. United States, 680 F.2d 1239, 1241 (9th Cir.1982).
 
 
 8
 Plaintiff has abandoned her claim that she was discriminated against because of her alleged handicap in violation of the Tennessee Handicap Discrimination Act. Therefore, this claim will not be reviewed. Boyd v. Ford Motor Co., 948 F.2d 283, 284 (6th Cir.1991), cert. denied, 112 S.Ct. 1481 (1992).
 
 
 9
 Plaintiff's remaining arguments on appeal are without merit.
 
 
 10
 For the foregoing reasons, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.