09-3795-cv
Fox News Network, LLC v. Board of Governors of the Federal Reserve System

**UNITED STATES COURT OF APPEALS**

**FOR THE SECOND CIRCUIT**

August Term, 2009

(Argued: January 11, 2010      Decided: March 19, 2010)

Docket No. 09-3795-cv

- - - - - - - - - - - - - - - - - - - - -x

FOX NEWS NETWORK, LLC,

Plaintiff-Appellant,

- v.-

BOARD OF GOVERNORS OF THE FEDERAL
RESERVE SYSTEM,

Defendant-Appellee.

- - - - - - - - - - - - - - - - - - - - -x

Before:       JACOBS, Chief Judge, LEVAL and HALL,
              Circuit Judges.

Plaintiff Fox News Network, LLC, appeals from a judgment entered July 30, 2009 in favor of defendant Board of Governors of the Federal Reserve System by the United States District Court for the Southern District of New York (Hellerstein, J.) in a suit brought to enforce a Freedom of Information Act request for information relating to lending conducted by the twelve regional Federal Reserve Banks.  For

the reasons stated today in the tandem case, <u>Bloomberg L.P.</u> <u>v. Bd. of Governors of the Fed. Reserve Sys.</u>, ___ F.3d ___, No. 09-4083-cv, (2d Cir. March 19, 2010), the disputed information was not exempt from disclosure under Exemption 4 of the Freedom of Information Act.  We hold here that while the records of the twelve regional Federal Reserve Banks do not automatically become records of the Board, certain records of the Federal Reserve Banks are records of the Board and must be searched.  The district court's judgment is vacated and the case is remanded.

STEPHEN G. MINTZ (Terence W. McCormick, Lisabeth Harrison, Paul Ostensen <u>on the brief</u>), Mintz & Gold LLP, New York, NY, <u>for Plaintiff-Appellant</u>.

MATTHEW M. COLLETTE (Tony West, Mark B. Stern <u>on the brief</u>), Department of Justice, Washington, D.C.; YVONNE F. MIZUSAWA (Richard M. Ashton, Katherine H. Wheatley <u>on the brief</u>), Board of Governors of the Federal Reserve System, Washington, D.C., <u>for Defendant-Appellee</u>.

Robert J. Giuffra, Jr., H. Rodgin Cohen, Michael M. Wiseman, William J. Snipes, Patrice A. Rouse, Erez J. Davy, Sullivan & Cromwell LLP, New

York, NY, for Amicus Curiae The Clearing House Association L.L.C. in support of Defendant-Appellee.

Melanie Sloan, Anne L. Weismann, Citizens for Responsibility and Ethics in Washington, Washington D.C., for Amicus Curiae Citizens for Responsibility and Ethics in Washington in support of Plaintiff-Appellant.

DENNIS JACOBS, Chief Judge:

The Federal Reserve System--the central bank of the United States--is composed of twelve regional Federal Reserve Banks and the defendant-appellee Board of Governors of the Federal Reserve System ("Board") in Washington, D.C. The Board is a federal agency that (among other things) supervises the operations of the twelve Federal Reserve Banks.

Plaintiff Fox News Network, LLC, ("Fox News") submitted two Freedom of Information Act ("FOIA") requests to the Board in November 2008. The first sought the names of all the private banks that received loans from the twelve Federal Reserve Banks (under all of their lending programs) from August 2007 to November 2008, and the collateral the banks provided. The second sought the names of the

3

borrowing banks, the amount they borrowed, and the collateral pledged as to all loans made by the twelve Federal Reserve Banks during September and October 2008. The Board denied these requests in January 2009, noting that while it possessed some responsive records, it was withholding the requested information under Exemptions 4 and 5 of FOIA. During its search for documents responsive to the FOIA requests, the Board determined that it had no information about the collateral used by borrowing banks to secure specific loans, and that such information would be held by the Federal Reserve Bank that made each loan. But since the Board is of the view that the relevant records of the Federal Reserve Banks are not records of the Board, the Board concluded that a FOIA request to the Board did not require the Board to search for them--and no search was conducted.

Fox News brought suit in the United States District Court for the Southern District of New York (Hellerstein, J.) to compel disclosure of the Board's documents and a search of documents in the hands of the Federal Reserve Banks. Following cross motions for summary judgment, the district court ruled in favor of the Board, holding both

that the records maintained by the Board are properly exempt from disclosure under FOIA Exemption 4, and that the Board was not required to search records maintained by the Federal Reserve Banks.  Fox News Network, LLC v. Bd. of Governors of the Fed. Reserve Sys., 639 F. Supp. 2d 384, 394, 401 (S.D.N.Y. 2009).   The district court's opinion did not discuss Exemption 5, and on appeal the Board argues only the applicability of Exemption 4.

For the reasons stated in the tandem case, Bloomberg L.P. v. Board of Governors of the Fed. Reserve Sys., ___ F.3d ___, No. 09-4083-cv, (2d Cir. March 19, 2010), the information unambiguously at issue in the Fox News requests --the identity of the borrowing bank, the dollar amount of the loans, the collateral securing the loans, and the loan origination and maturity dates--is not protected from disclosure by Exemption 4.  The Board is therefore required to disclose responsive records it had previously deemed exempt; we vacate the district court's judgment and remand to the district court to order the Board to disclose the previously withheld responsive information.

Still at issue is whether the Board adequately searched its records and the records of the twelve Federal Reserve

Banks in response to these FOIA requests.  Fox News argues that: (1) the Board was required to search the loan records of each of the twelve Federal Reserve Banks, and (2) the Board misconstrued Fox News's FOIA requests in the Board's search of its own records.

As the district court concluded, not all lending records of the twelve Federal Reserve Banks necessarily become records of the Board.  However, Board regulations provide that some records at the Federal Reserve Banks-- those kept at the Federal Reserve Banks under certain conditions for "administrative reasons"--are records of the Board; these must be searched.  We remand to the district court to order further searches and to determine if the fruits of those searches must be disclosed.  The district court did not reach the question of whether the Board misconstrued the scope of the Fox News FOIA requests (the district court having ruled these documents would be exempt from disclosure in any instance); we remand for further consideration of that question as well.

# I

Barring a relevant exemption, an agency must disclose

responsive "agency records" in order to comply with a FOIA request.  See 5 U.S.C. § 552(a)(4)(B); see also Carney v. U.S. Dep't of Justice, 19 F.3d 807, 812 (2d Cir. 1994).  Fox News argues on appeal that all of the lending records of the twelve Federal Reserve Banks are "agency records" of the Board within the scope of FOIA.  See 5 U.S.C. § 552(a)(4)(B).  Materials are agency records under FOIA if: (1) the agency created or obtained the relevant records, and (2) the agency is in control of the documents at the time of the FOIA request.  U.S. Dep't of Justice v. Tax Analysts, 492 U.S. 136, 144-45 (1989).  Under the Board's regulations, "[t]he Secretary of the Board . . . is the official custodian of all Board records, including records that are in the possession or control of the Board, any Federal Reserve Bank, or any Board or Reserve Bank employee."  12 C.F.R. § 261.3(a).  Since the Board is the "custodian" of "Board records" that are in the hands of the Federal Reserve Banks, such records must be searched by the Board pursuant to FOIA.  It remains to be determined which Federal Reserve Bank records are "Board records" that the Board must search.

Fox News argues that the responsive loan records are among those records held at the Federal Reserve Banks that

are also records of the Board.  By regulation, records of the Federal Reserve Banks become records of the Board when they are created pursuant to the "performance of functions for or on behalf of the Board" or when they "are maintained for administrative reasons in the regular course of business in official files in any division or office of the Board or any Federal Reserve Bank in connection with the transaction of any official business."  12 C.F.R. § 261.2(i)(1)(i-ii).  (The full text of the regulation is set out in the margin).[1]

A declaration submitted by the attorney for the Board in charge of processing FOIA requests states that the Board interprets the qualifier "for or on behalf of the Board" to describe a function performed by the Federal Reserve Bank "under delegated authority from the Board."  Supp. Decl. of Alison M. Thro ¶ 3.  The Board cites no written or published expression of this internal policy or interpretation, or any

[1] "Records of the Board include . . . all information coming into the possession and under the control of the Board, any Board member, any Federal Reserve Bank, or any officer, employee, or agent of the Board or of any Federal Reserve Bank, *in the performance of functions for or on behalf of the Board* that constitute part of the Board's official files; or [records] *[t]hat are maintained for administrative reasons in the regular course of business in official files in any division or office* of the Board or any Federal Reserve Bank in connection with the transaction of any official business."  12 C.F.R. § 261.2(i)(1)(i-ii) (emphases added).

prior application of it.  It is therefore uncertain how much deference it commands or deserves.

In any event, it seems clear from the statutory scheme that enacted the Federal Reserve System that the lending activities of the Federal Reserve Banks do not take place "on behalf of" or under the "delegated authority" of the Board.  The Board itself has no power to make a loan to any bank, and does not authorize each loan made by the Federal Reserve Banks.  The power to make loans is explicitly granted by statute only to the Federal Reserve Banks themselves.  12 U.S.C. § 347b(a).  In that way, "Congress divided the powers of the Federal Reserve System between the Board, which is a federal agency, and the [Federal Reserve Banks], which were established as regional banks. . . .  The Federal Reserve [System] is structured to empower local institutions to lend, while permitting federal oversight." Fox News Network, LLC v. Bd. of Governors of the Fed. Reserve Sys., 639 F. Supp. 2d 384, 396 (S.D.N.Y. 2009).  "It is evident from the legislative history of the Federal Reserve Act that Congress did not intend to give the federal government direction over the daily operation of the [Federal] Reserve Banks."  Lewis v. United States, 680 F.2d

1239, 1241 (9th Cir. 1982). Since the Board neither issues nor authorizes the specific loans that Fox News seeks documentation of, we agree that the Federal Reserve Banks did not issue each loan on "behalf of the Board," or under the "delegated authority" of the Board.[2]

However, "Records of the Board" also include such records that "are maintained for administrative reasons in the regular course of business in official files in any division or office of the Board or any Federal Reserve Bank in connection with the transaction of any official business." 12 C.F.R. § 261.2(i)(1)(ii). The Board argues briefly that it interprets this regulation as well to include only those records created "under delegated authority from the Board." This interpretation does not withstand scrutiny. The context and phrasing of the regulation gives no support for the proposed limitation. As

_____

[2] Judge Leval does not concur in this paragraph. In his view, it is unnecessary to answer in this appeal whether lending by the Federal Reserve Banks is done "for or on behalf of" the Board. Fox News has made clear that all it seeks in its FOIA demand is the identifies of the borrowing banks and the terms of the loans. All such information will be contained in records "maintained for administrative reasons in the regular course of business in official files in . . . [a] Federal Reserve Bank." Accordingly all the information in the Federal Reserve Banks that is sought in this case is contained in documents which are subject to production by the Board.

the district court held in Bloomberg--without appeal from the Board on that point--this regulation provides that certain records of the twelve Federal Reserve Banks are records of the Board and those records must be searched. Bloomberg L.P. v. Bd. of Governors of the Fed. Reserve Sys., 649 F. Supp. 2d 262, 274 (S.D.N.Y. 2009).

To fully comply with the Fox News FOIA requests, the Board must search records of the twelve Federal Reserve Banks that are maintained for administrative reasons, in the regular course of business, in the Board's official files or by any Federal Reserve Bank, and in connection with the transaction of any official business. And responsive documents identified in that search must be produced unless shielded by some FOIA exemption. We remand to the district court to order the Board's further searches and to determine if the results of those searches must be disclosed.

**II**

Fox News also argues that the Board improperly narrowed the scope of its FOIA requests with regard to collateral pledged by borrowing banks. According to Fox News, it requested not only collateral associated with specific loans

11

(which is held only by the Federal Reserve Banks), but also general collateral information (which is held by the Board itself).[3]  The Board claims that while it possesses some general information of this sort--such as the collateral that depository institutions have on deposit in "pledge accounts," which is eligible to be posted as collateral for a Discount Window loan--it does not believe such information was within the scope of the Fox News requests.  The Board argues that it properly interpreted the requests to seek only specific collateral pledged for specific loans.  That information is held only at the Federal Reserve Banks.

This issue was not decided below because the district court ruled categorically that collateral information is protected from disclosure by Exemption 4.  It is unclear if such general collateral information was requested, or whether, under <u>Bloomberg L.P. v. Board of Governors of the Fed. Reserve Sys.</u>, ___ F.3d ___, No. 09-4083-cv, (2d Cir.

---

[3] The first Fox News request initially sought, in relevant part, "an accounting of the collateral provided by these [borrowing] institutions in exchange for lending." This request was later arguably broadened to "seek[] an accounting of the collateral provided by these [borrowing] institutions"--a formulation that is less transaction specific.  The second Fox News request sought, in relevant part, "records sufficient to identify all collateral pledged by each . . . institution" that "participated in any Fed[eral Reserve System] lending program."

12

March 19, 2010), such information could be withheld. We decline to decide these questions in the first instance and remand to the district court for judgment on this point consistent with our opinion.

## CONCLUSION

We vacate the district court's judgment for the foregoing reasons and those stated in the tandem case, <u>Bloomberg L.P. v. Bd. of Governors of the Fed. Reserve Sys.</u>, ___ F.3d ___, No. 09-4083-cv, (2d Cir. March 19, 2010). We remand to the district court to order the Board's further disclosure and further searches, and to determine if what is discovered in further searches must be disclosed. We also remand to the district court for initial consideration as to whether the Board properly construed the scope of the FOIA requests and searched its own records in response, and whether materials that may be found must be disclosed.

13