**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA EX REL. JAMES R. ADAMS and PUOY K. PREMSRIRUT, Relators, *Plaintiffs-Appellants*, <br><br> v. <br><br> AURORA LOAN SERVICES, INC.; BAC HOME LOANS SERVICING, LP; BANK OF AMERICA, N.A.; J.P. MORGAN CHASE BANK, N.A., for itself and as successor by merger to Chase Home Finance LLC; CITIMORTGAGE INC.; COUNTRYWIDE HOME LOANS INC.; EMC MORTGAGE LLC, FKA EMC Mortgage Corporation; NATIONSTAR MORTGAGE, LLC; OCWEN LOAN SERVICING, LLC; ONEWEST BANK, FSB; PHH MORTGAGE CORPORATION; U.S. BANK NA; WELLS FARGO BANK, NA, *Defendants-Appellees*. | No. 14-15031 <br><br> D.C. No. 2:11-cv-00535-RCJ-PAL <br><br><br> OPINION |

Appeal from the United States District Court
for the District of Nevada
Robert Clive Jones, District Judge, Presiding

Submitted February 12, 2016[*]
San Francisco, California

Filed February 22, 2016

Before: Barry G. Silverman and Richard C. Tallman,
Circuit Judges and Robert S. Lasnik,[**] Senior District
Judge.

Opinion by Judge Silverman

## SUMMARY[***]

### False Claims Act

The panel affirmed the district court's dismissal of an appeal brought by relators in a False Claims Act suit against various lenders and loan servicers.

Relators alleged that the Federal National Mortgage Association ("Fannie Mae") and the Federal Home Loan Mortgage Corporation ("Freddie Mac") were federal

---

[*] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[**] The Honorable Robert S. Lasnik, Senior District Judge for the U.S. District Court for the Western District of Washington, sitting by designation.

[***] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

instrumentalities for purposes of giving rise to liability under 31 U.S.C. § 3729(b)(2)(A)(i) of the Act.

The panel held that a claim presented to Fannie Mae or Freddie Mac was not presented to an "officer, employee, or agent" of the United States under 31 U.S.C. § 3729(b)(2)(A)(i), because Fannie Mae and Freddie Mac are private companies, albeit companies sponsored or chartered by the federal government.

## COUNSEL

Sigal Chattah, Las Vegas, Nevada, for Relators/Plaintiffs-Appellants.

Mark P. Guerrera, Sean C. Griffin, Sidley Austin LLP, Washington, D.C.; Mark E. Haddad, Douglas A. Axel, Sidley Austin LLP, Los Angeles, California, for Defendants-Appellees.

Stuart F. Delery, Assistant Attorney General, Daniel G. Bogden, United States  Attorney, Michael S. Raab and Melissa N. Patterson, Attorneys, Appellate Staff, United States Department of Justice, Washington D.C., for Amicus Curiae United States of America.

**OPINION**

SILVERMAN, Circuit Judge:

The question presented by this appeal is whether the Federal National Mortgage Association (Fannie Mae) and the Federal Home Loan Mortgage Corporation (Freddie Mac) are officers, employees, or agents of the federal government for purposes of the False Claims Act, 31 U.S.C. § 3729(b)(2)(A)(i). Upon de novo review, *U.S. ex rel. Hartpence v. Kinetic Concepts, Inc.*, 792 F.3d 1121, 1126 (9th Cir. 2015) (en banc), we hold they are not.

The relators brought a False Claims Act suit against various lenders and loan servicers. In a nutshell, the relators alleged that defendants certified that loans purchased by Fannie Mae and Freddie Mac were free and clear of certain home owner association liens and charges when they were not. The relators alleged that these false certifications were made to Fannie Mae and Freddie Mac as instrumentalities of the United States.

As amended in 2009, the False Claims Act includes two definitions of the sort of "claim" that may give rise to liability under the statute. The first definition, in 31 U.S.C. § 3729(b)(2)(A)(i), requires that a demand or request for payment be "presented to an officer, employee or agent of the United States." Relators allege that Fannie Mae and Freddie Mac are "federal instrumentalities" for the purposes of § 3729(b)(2)(A)(i) of the False Claims Act, either under our case law or as a result of the government's conservatorship. Relators make no argument that the second definition of "claim," found in § 3729(b)(2)(A)(ii), applies. To the extent the district court broadly held that claims made to Freddie

Mac and Fannie Mae could never be "claims" within the FCA's definition of that term, the district court was mistaken. A properly pled claim under § 3729(b)(2)(A)(ii) could give rise to FCA liability, but not as alleged in the three amended complaints pled here.

The district court properly held that a claim presented to Fannie Mae or Freddie Mac is not presented to an "officer, employee or agent" of the United States. And that's because Fannie Mae and Freddie Mac are private companies, albeit companies sponsored or chartered by the federal government. 12 U.S.C. § 1716b (Fannie Mae is a "Government-sponsored private corporation"); 12 U.S.C. § 1452 (Freddie Mac is "a body corporate under the direction of a Board of Directors" elected annually by the voting common stockholders). *See also Lebron v. Nat'l R.R. Passenger Corp.*, 513 U.S. 374, 392 (1995) (charter disclaimer of government entity status dispositive for matters within Congress's control); *U.S. ex rel. Totten v. Bombardier Corp.*, 380 F.3d 488, 492 (D.C. Cir. 2004) (False Claims Act coverage is a matter within Congress's control), *cert. denied*, 544 U.S. 1032 (2005). The United States filed a helpful and well-reasoned amicus brief agreeing with this conclusion.[1]

Our prior decision in *Rust v. Johnson*, 597 F.2d 174 (1979), where we held that Fannie Mae was a federal instrumentality for state/city tax purposes, does not change

---

[1] We also agree with the government that provisions in 12 U.S.C. § 4617 abrogating federal status for "limited-life regulated entities" are inapplicable in this case, because there is no receivership in place, only a conservatorship. *Compare* 12 U.S.C. § 4617(b)(2)(D) *with* § 4617(b)(2)(E–F) (creation of limited-life regulated entity authorized by receiver but not conservator).

the result, because *Rust* does not address Fannie Mae or Freddie Mac's status under the False Claims Act. As we have previously held, just because an entity is considered a federal instrumentality for one purpose does not mean that the same entity is a federal instrumentality for another purpose. *Kuntz v. Lamar Corp.*, 385 F.3d 1177, 1185 (9th Cir. 2004). Fannie Mae's federal instrumentality status for state tax purposes doesn't answer whether Fannie Mae and Freddie Mac are also government entities for False Claims Act purposes. *See Lewis v. United States*, 680 F.2d 1239, 1242–43 (9th Cir. 1982).

Nor does the Federal Housing Finance Agency's conservatorship transform Fannie Mae and Freddie Mac into federal instrumentalities. We agree that the FHFA has "all the rights, titles, powers and privileges of" Fannie Mae and Freddie Mac. *Cty of Sonoma v. Fed. Hous. Fin. Agency*, 710 F.3d 987, 993 (9th Cir. 2013) (quoting 12 U.S.C. § 4617(b)(2)(A)(i)). However, this places FHFA in the shoes of Fannie Mae and Freddie Mac, and gives the FHFA *their* rights and duties, not the other way around.

Relators' further reliance on *Lebron v. National Raliroad Passenger Corp.*, 513 U.S. 374, in support of their conservatorship argument does not change our view. In *Lebron*, the Supreme Court held that Amtrak was a part of the federal government for purposes of the First Amendment because, among other things, the government retained for itself permanent authority to appoint a majority of the corporation's directors. *Lebron*, 513 U.S. at 400. Even assuming that *Lebron* outlines the correct analytical framework for False Claims Act purposes, relators' argument still fails, because relators do not allege that the conservatorship represents the federal government's retention

of permanent authority to control Fannie Mae and Freddie Mac.

We express no opinion about whether the relators could state a claim under 31 U.S.C. § 3729(b)(2)(A)(ii), which defines a claim as a request or demand made upon non-governmental third parties under certain conditions, because relators raised no argument on that point in the district court, nor here on appeal – not even after this possibility was pointed out in the government's amicus brief. *See Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003).

Likewise, relators do not contend that they should have been granted leave to file a fourth amended complaint. Their argument is solely that Fannie Mae and Freddie Mac are agencies or instrumentalities of the federal government for purposes of 31 U.S.C. § 3729(b)(2)(A)(i).   As we have explained, they are not.

The judgment of the district court is **AFFIRMED.**