IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

S))))))))))))))Q
No. 95-20056
Summary Calendar
S))))))))))))))Q

RONNIE BAZILE,

Plaintiff-Appellant,

versus

BILLY BURGE, ET AL.,

Defendants-Appellees.

S)))))))))))))))))))))))))Q
Appeal from the United States District Court for the
Southern District of Texas
(93 CV 3026)
S)))))))))))))))))))))))))Q
August 7, 1995

Before GARWOOD, HIGGINBOTHAM and DAVIS, Circuit Judges.[*]

PER CURIAM:

Plaintiff-appellant Ronnie Bazile (Bazile) filed this suit against defendants-appellees the Houston Metro Transit Authority (the Authority), the Chairman of the Authority, Billy Burge (Burge), and the Claims Adjuster of the Authority, Michael Sherman (Sherman). Bazile alleged jurisdiction under 42 U.S.C. § 1983, the

_____

[*]    Local Rule 47.5 provides:  "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to that Rule, the Court has determined that this opinion should not be published.

Federal Tort Claims Act (FTCA), and what he called, without further identification, the "Safety and Transportation Act." He also invoked supplemental jurisdiction over state law claims.

According to the complaint, Bazile was overcome by fumes while riding on one of the Authority's buses and had to be treated at a local hospital. The Authority denied liability. Bazile alleged negligence and civil rights violations based on the Authority's denial of liability. Through an amended complaint, Bazile requested four million dollars in compensatory and punitive damages. Service was completed on April 21, 1994.

One June 17, Bazile filed a motion for default judgment. The magistrate judge conducted a hearing on Bazile's motion "because the court had concerns about the court's subject matter jurisdiction." Although the record does not contain an entry of default, defendants Burge and Sherman filed a motion to set aside the entry of default, arguing that "the current default was secured by . . . misrepresentation." All of the defendants filed a motion to dismiss Bazile's complaint for lack of jurisdiction. After the hearing, the magistrate judge gave Bazile ten days to respond to the motion to set aside the entry of default.

The magistrate judge recommended that Bazile's complaint be dismissed for lack of jurisdiction. The magistrate judge further recommended that Bazile's negligence cause of action be dismissed without prejudice for refiling in state court. The magistrate judge also suggested that Bazile's motion for default judgment be considered moot. The district court adopted the report and

recommendation.  Bazile timely appealed.[1]

Bazile argues that the district court erred by dismissing his complaint for lack of jurisdiction.

Bazile does not contend on appeal, and did not contend below, that there was diversity jurisdiction; nor do the facts alleged in the complaint establish, or even suggest the presence of, diversity jurisdiction.

Bazile argues on appeal that his complaint contains several meritorious civil rights claims including:  (1) civil rights violations; (2) safety violations; (3) negligence; (4) violation of statutes; and (5) constitutional violations.  He argues that the defendants' failure to provide him compensation was a "displ[a]y of deliberate indifference."  He also avers on appeal that he was deprived of compensation in violation of his "Constitutional Rights to Equal Protection under the law while acting under Color of Law."[2]

As noted by the magistrate judge, Bazile's complaint alleged basically a negligence cause of action, not cognizable under section 1983.  *Collins v. City of Harker Heights, Tex*., 916 F.2d 284, 286 (5th Cir. 1990) (negligence is insufficient to establish

---

[1]    No party raises the lack of a Rule 58 separate document final judgment, and we hence disregard the lack of a separate document. It is clear that the district court has finally disposed of the case, without prejudice as to the state law claims.

[2]    Bazile did not raise an equal protection argument in his original or amended complaint.  Further, he does not make any legal argument or cite any legal authority in support of this statement. Although this Court liberally construes *pro se* briefs, arguments must be briefed to be preserved.  *Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993).  Accordingly, Bazile is entitled to no relief on appeal in this respect.

municipal liability under section 1983), *aff'd*, 503 U.S. 115 (1992). Moreover, because the defendants are not a federal agency, the FTCA is inapplicable. *See* 28 U.S.C. § 2671.

Regarding Bazile's assertion that the failure to provide him compensation resulted in a civil rights violation, section 1983 imposes liability for violations of rights protected by the Constitution, not for violations of duties of care arising out of tort law. *See Doe v. Taylor Indep. School Dist*., 15 F.3d 443, 450 (5th Cir.), *cert. denied*, 115 S.Ct. 70 (1994). Although Bazile arguably had a right to seek compensation for an injury, the defendants did not violate his constitutional rights by denying compensation. The district court did not err by dismissing Bazile's complaint.

Bazile also argues that the district court erred by not granting his motion for default judgment, because the defendants filed their motion to set aside the default judgment seven days late. The entry of a default judgment is committed to the discretion of the district court and a party is not entitled to a default judgment as a matter of right, even when the defendant is technically in default. *See Mason v. Lister*, 562 F.2d 343, 345 (5th Cir. 1977); 10 Wright, et al., *Fed. Prac. & Proc*. § 2685 at 422. Because the district court correctly determined that the complaint should be dismissed, it did not abuse its discretion by denying Bazile's motion for default judgment.

Bazile also argues that the district court erred by not considering his "Title VII" claim under the Civil Rights Act. Neither Bazile's complaint nor his amended complaint mention Title

4

VII, and his motions to amend his complaint likewise do not mention Title VII. Bazile argues that he raised the claim at the court's hearing on his motion for default judgment. A transcript of that hearing is not included in the record, nor did Bazile request such. Accordingly, it cannot be determined whether this claim was raised adequately in the district court. *See* Fed. R. App. P. 10(b)(2) (appellant's responsibility to provide transcript of all relevant evidence). Thus, this argument is waived. *See Powell v. Estelle*, 959 F.2d 22, 26 (5th Cir.), *cert. denied*, 113 S.Ct. 668 (1992).

Finally, Bazile makes a confusing argument that the district court should have granted his motion for a protective order on his "BOOK-MATERIAL ACCESS" during the litigation. Bazile forwarded a copy of a publication to the district court. He argues that, without the protective order, adverse parties and the public would acquire the right to purchase his publication; therefore, a protective order pursuant to Fed. R. Civ. P. 26(c)(7)[3] was appropriate. Bazile's brief suggests that he is seeking some form of affirmative copyright protection. Because the relief sought is not available through discovery procedures, the district court did not err by failing to issue a protective order.

None of Bazile's contentions on appeal demonstrate any reversible error. The judgment below is accordingly

AFFIRMED.

---

[3] Fed. R. Civ. P. 26(c)(7) provides that, upon motion by a party, a court may order that a trade secret or other confidential research, development, or commercial information may not be disclosed.