IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 21, 2008

Charles R. Fulbruge III
Clerk

No. 08-30004
Summary Calendar

FREDDIE C. GADDIS

Plaintiff-Appellant

v.

UNITED STATES OF AMERICA

Defendant-Appellee

Appeal from the United States District Court
for the Western District of Louisiana
3:07-CV-1081

Before KING, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Plaintiff Freddie Gaddis ("Gaddis") filed a complaint against the United States pursuant to the Federal Tort Claims Act, 28 U.S.C. § 1346, for injuries sustained in a 1977 workplace accident while he was an employee of the Union Pacific Corporation. In his complaint, he alleges that Union Pacific is an agency of the United States. The Government filed a motion to dismiss contending

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

that, among other reasons, the federal courts are without subject matter jurisdiction, because the Union Pacific is not an agency of the United States, and therefore Gaddis's claim is not cognizable under the Federal Tort Claims Act. The district court agreed and dismissed the case without prejudice for want of subject matter jurisdiction.

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute . . . which is not to be expanded by judicial decree. . . . It is to be presumed that a cause lies outside this limited jurisdiction . . . and the burden of establishing the contrary rests upon the party asserting jurisdiction."  Kokkonen v. Guardian Life Ins. Co. of Am.,  511 U.S. 375, 377 (1994).  We take judicial notice that Union Pacific is not a federal agency but a private corporation.[1]  Therefore tort claims against Union Pacific are not cognizable under the Federal Tort Claims Act because Union Pacific is not a federal agency. See Bazile v. Burge, 66 F.3d 321, 1995 WL 535100, at *1 (5th Cir. August 7, 1995) (unpublished) (dismissing a Federal Tort Claims Act claim for lack of subject matter jurisdiction, because defendant Houston Metro Transit Authority was not a "federal agency"); 28 U.S.C. § 2671 ("[T]he term 'Federal agency' includes the executive departments, the judicial and legislative branches, the military departments, independent establishments of the United States, and corporations primarily acting as instrumentalities or agencies of the United States, but does not include any contractor with the United States."); see also Lewis v. United States, 680 F.2d 1239, 1240-41 (9th Cir. 1982).  The plaintiff has not satisfied his burden in establishing federal jurisdiction over his suit.

AFFIRMED.

---

[1] See Daniels v. Union Pac. R. Co., 480 F. Supp.2d 191, 196 (D. D.C. 2007); Union Pacific Corporation, Annual Report (Form 10-K), at 3 (Feb. 28, 2008) (noting that Union Pacific was incorporated in Utah in 1969).