Linda KATSIAVELOS, a/k/a Constandina A. Katsiavelos, Plaintiff,

v.

FEDERAL RESERVE BANK OF CHICA-GO, Glen Brooks, Sheri Borman, and William Conrad, Defendants.

No. 93 C 7724.

United States District Court,
N.D. Illinois,
Eastern Division.

July 21, 1994.

Patrick Walter Johnson, Austin Christian Law Center, Chicago, IL, for plaintiff.

Linda Katsiavelos, pro se.

Elizabeth Ann Knospe, Katherine Hilton Schrepfer, Federal Reserve Bank of Chicago, Chicago, IL, for defendants.

## MEMORANDUM OPINION AND ORDER

HART, District Judge.

Plaintiff Linda Katsiavelos claims her former employer, defendant Federal Reserve Bank of Chicago ("FRBC"), violated the Rehabilitation Act of 1973, 29 U.S.C. §§ 791, 794a(a)(1), and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"). Also named as defendants are three vice presidents of the FRBC. Plaintiff claims the Rehabilitation Act was violated in that her handicap was not accommodated and she was discharged because of it. She claims Title VII was violated in that she was discharged because she is white. Plaintiff was discharged in 1990.

Defendants move to dismiss all claims except the Title VII claims against the FRBC. In response, plaintiff has agreed to voluntarily dismiss the individual defendants. She also has agreed to drop her demand for a jury trial and her prayer for compensatory damages. The only disputed issue is whether the FRBC is an entity to which the Rehabilitation Act applies. The FRBC claims it is not a federal entity to which that act applies. Plaintiff contends the Rehabilitation Act applies to federal instrumentalities and that the FRBC is a federal instrumentality. Alternatively, plaintiff contends the FRBC is judicially estopped from denying the applicability of the Rehabilitation Act because it successfully argued before the Illinois Human Rights Commission ("IHRC") that plaintiff's Title VII claims were not properly before the IHRC because the FRBC was a federal instrumentality.

As a jurisdictional requirement for plaintiff's Rehabilitation Act claim to be considered, the FRBC must be an employer to which the Rehabilitation Act applies. *Williams v. United States Postal Service,* 873 F.2d 1069, 1071 n. 1 (7th Cir.1989). *Cf. Rogers v. Sugar Tree Products, Inc.,* 7 F.3d 577, 579 (7th Cir.1993) (Age Discrimination in Employment Act); *Dumas v. Town of Mount Vernon, Alabama,* 612 F.2d 974, 980 (5th Cir.1980) (Title VII). Since this is a jurisdictional requirement, judicial estoppel cannot apply. *See Williams,* 873 F.2d at 1074. Just as parties cannot agree to waive jurisdictional requirements, a party's conduct cannot waive a jurisdictional issue. Judicial estoppel, therefore, cannot apply.

The FRBC has taken inconsistent positions in this case. Before the IHRC, it argued that it was a federal instrumentality and therefore the IHRC lacked jurisdiction under state law. In its present motion, it initially argued that the Rehabilitation Act applies to federal agencies and instrumentali-

ties and that, contrary to its position before the IHRC, it is not a federal instrumentality.[1] In its reply, the FRBC again changes its position. Its final argument is that plaintiff's Rehabilitation Act claim may only be brought against a federal executive agency, not a federal instrumentality, and the FRBC is not a federal executive agency. Alternatively, it continues to maintain that it is also not a federal instrumentality. This court must consider substantial jurisdictional questions even if not adequately presented by one of the parties. A party cannot waive an objection to subject matter jurisdiction.

Section 501 of the Rehabilitation Act, 29 U.S.C. § 791, contains various provisions to encourage the government to employ the handicapped.[2] It established an interagency committee on employees with handicaps; required federal departments, agencies, and instrumentalities to establish affirmative action plans; required the Equal Employment Opportunity Commission ("EEOC") to establish procedures for encouraging employment of handicapped individuals through state agencies; and required the EEOC to make an annual report to Congress. There was no express prohibition against discriminating against the handicapped in employment decisions and no provision for individuals to bring claims of employment discrimination against federal entities based on being handicapped. *See McGuinness v. United States Postal Service*, 744 F.2d 1318, 1319 (7th Cir. 1984).

In 1978, the Rehabilitation Act was amended to permit suits against federal agencies for discriminatory employment practices.

Section 501 of the Act was not amended. Instead, a new section 505 was added to the Act which provided in pertinent part: "The remedies, procedures and rights set forth in section 717 of the Civil Rights Act of 1964 (42 U.S.C. 2000e–16), including the application of section 706(f) through 706(k) (42 U.S.C. 2000e–5(f) through (k)), shall be available, with respect to any complaint under section 791 of this title, to any employee or applicant for employment aggrieved by the final disposition of such complaint, or by failure to take final action on such complaint." 29 U.S.C. § 794a(a)(1). The reference in § 794a(a)(1) to § 791 is somewhat misplaced in that § 791 does not itself prohibit handicap discriminatory employment practices.[3] Therefore, the incorporated provisions of Title VII must be relied upon in determining what conduct is prohibited.

Section 794a(a)(1) incorporates 42 U.S.C. § 2000e–16 which provides for Title VII claims against the federal government. That statute provides in part:

All personnel actions affecting employees or applicants for employment (except with regard to aliens employed outside the limits of the United States) in military departments as defined in section 102 of Title 5, in executive agencies as defined in section 105 of Title 5 (including employees and applicants for employment who are paid from nonappropriated funds), in the United States Postal Service and the Postal Rate Commission, in those units of the Government of the District of Columbia having positions in the competitive service, and in those units of the legislative and

---

1. Of course, it is possible that Illinois law applies a different definition of federal instrumentalities than does the Rehabilitation Act. As the IHRC's discussion indicates though, the Illinois Human Rights Act was intended to be consistent and compatible with federal discrimination laws. Also, the FRBC's argument before the IHRC was not particularized to the Illinois Human Rights Act. However, since judicial estoppel need not be considered, the issue of consistency need not be resolved. However, it reflects on the integrity of the presentation.

2. Subsequent amendments that do not apply to plaintiff's claims change the terminology to "individuals with disabilities." *See* 29 U.S.C. §§ 706(8), 791, 794a. This opinion will use the

terminology of the statute as of the time plaintiff's claim accrued.

3. In 1992, § 791(g) was added which provides: "The standards used to determine whether this section has been violated in a complaint alleging nonaffirmative action employment discrimination under this section shall be the standards applied under title I of the Americans with Disabilities Act of 1990 (42 U.S.C. § 12111 *et seq.*) and the provisions of sections 501 through 504, and 510, of the Americans with Disabilities Act of 1990 (42 U.S.C. §§ 12201–12204 and 12210), as such sections relate to employment." That amendment, however, is inapplicable to plaintiff's 1990 discrimination claim.

judicial branches of the Federal Government having positions in the competitive service, and in the Library of Congress shall be made free from any discrimination based on race, color, religion, sex, or national origin.

42 U.S.C. § 2000e–16(a).

Clearly, the FRBC is not a military department, part of the Postal Service or Postal Rate Commission, a unit of District of Columbia government, a unit of the legislative or judicial branch, nor part of the Library of Congress. This only leaves the possibility of being an executive agency as defined by 5 U.S.C. § 105. That statute defines an executive agency as "an Executive department, a Government corporation, and an independent establishment." Clearly, the FRBC is not an executive department. A government corporation is "a corporation owned or controlled by the Government of the United States." 5 U.S.C. § 103. An independent establishment is defined as: "(1) an establishment in the executive branch (other than the United States Postal Service or the Postal Rate Commission) which is not an Executive department, military department, Government corporation, or part thereof, or part of an independent establishment; and (2) the General Accounting Office." 5 U.S.C. § 104.

Plaintiff does not contend that the FRBC is an executive agency as that term is used in Title VII. She instead relies on § 791(b)'s reference to federal instrumentalities and contends that the FRBC is a federal instrumentality. Section 791(b), however, only requires affirmative action plans; it does not prohibit discrimination in employment. It is § 794a that prohibits employment discrimination and that section incorporates Title VII's rules as to applicability to federal entities. Therefore, the FRBC must be an executive agency for plaintiff to be able to bring a handicap discrimination claim against it. Such a holding is consistent with EEOC regulations regarding handicap employment discrimination claims. See 29 C.F.R. §§ 1613.-701–.709. The EEOC regulations provide that they are applicable to "executive agencies as defined in section 105 of title 5 of the United States Code and to those positions in

the legislative and judicial branches of the Federal Government and the government of the District of Columbia which are in the competitive service [and] . . . the U.S. Postal Service and Postal Rate Commission." 29 C.F.R. § 1613.701(b)(1)–(2).

In a recently issued ruling, the EEOC ruled that Federal Reserve Banks are private employers under the Age Discrimination in Employment Act ("ADEA"), Title VII, the Equal Pay Act ("EPA"), and Title I of the Americans with Disabilities Act and not executive agencies covered by the federal sector provisions of the ADEA, Title VII, EPA, and § 501 of the Rehabilitation Act (29 U.S.C. § 791). *EEOC Enforcement Guidance on Coverage of Federal Reserve Banks,* EEOC Decision N–915–002, 1993 W.L. 452695 (Oct. 20, 1993) (incorporated as an appendix to Vol. II of the EEOC Compliance Manual). The discussion in this ruling focuses on the language of the ADEA, but applies equally to the other statutes. They all contain similar language. *See id.* at —— n. 1, 1993 W.L. 452695 at *6 n. 1. The Rehabilitation Act incorporates the language of Title VII. The language of the ADEA regarding the federal agencies that are covered is identical to the Title VII provision. Compare 29 U.S.C. § 633a(a) with 42 U.S.C. § 2000e–16(a).

This court agrees with the analysis of the EEOC and adopts its reasoning. *EEOC Enforcement Guidance* at —— – ——, 1993 W.L. 452695 at *2–5. The regional reserve banks are not owned by the United States government. While regulated by federal statute and regulations, the regional reserve banks are not controlled by the executive branch. They act with sufficient independence under private ownership and control such that they do not qualify as government corporations or independent establishments.

Since the FRBC is not an executive agency, § 794a(a)(1) does not apply to it. Therefore, plaintiff's Rehabilitation Act claim must be dismissed for lack of subject matter jurisdiction.

IT IS THEREFORE ORDERED that defendants' motions to dismiss for lack of jurisdiction [13–1] and to strike [13–2] are granted. Defendants Brooks, Borman, and Conrad are dismissed from this case. Count I is

dismissed for lack of subject matter jurisdiction. Plaintiff's jury demand and prayer for compensatory damages is stricken. Defendant shall answer the remaining allegations of the complaint by August 2, 1994. All discovery is to be completed by September 19, 1994. Status hearing set for September 20, 1994 at 9:15 a.m.