# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-2357

_____

Kennedy C. Scott,

        Appellant,

    v.

Federal Reserve Bank of
Kansas City, et al.,

        Appellee.

\*
\*
\*
\*
\*  Appeal from the United States
\*  District Court for the
\*  Western District of Missouri
\*
\*   [TO BE PUBLISHED]
\*
\*

_____

Submitted:  August 23, 2004
Filed:  April 28, 2005

_____

Before WOLLMAN, MELLOY, and SMITH, Circuit Judges.

_____

MELLOY, Circuit Judge.

Appellant Kennedy C. Scott appeals the district court's grant of summary judgment in his Title VII action. Appellee, the Federal Reserve Bank of Kansas City (the "Bank"), moves to dismiss the appeal for lack of jurisdiction because the notice of appeal was filed fifty-five days after the judgment was entered. Under Fed. R. of App. P. 4(a)(1)(A) a Notice of Appeal "must be filed with the district clerk within 30 days after the judgment or order appealed from is entered." However, a party has

sixty days to file a Notice of Appeal from the date of judgment or order when the United States government, its officer, or agency is a party. Fed. R. App. P. 4(a)(1)(B). We now hold that the Federal Reserve Bank of Kansas City is not an agency of the federal government for purposes of Fed. R. App. P. 4(a)(1)(B), and accordingly dismiss the appeal as untimely.

I.

Scott alleges discrimination by various Bank employees on the basis of race. The district court dismissed the employees from the action, and, upon the Bank's motion, granted summary judgment on March 12, 2004. It is undisputed that Scott filed a Notice of Appeal fifty-five days after the entry of judgment. The Notice, therefore, was not filed within thirty days of the entry of judgment as required by Fed. R. App. P. 4(a)(1)(A).

Scott argues that the Bank is a federal agency because it is a federally created instrumentality that is exempt from state taxation. He also argues that it is an integral part of the Federal Reserve system, that it is the fiscal agent and depository for the United States, and that it is the operating arm of the Federal Reserve Board of Governors. Moreover, Scott asserts that the Bank meets the definition of "agency" in 28 U.S.C. §§ 451 and 2671. Scott also points out that the Missouri Commission on Human Rights determined it lacked jurisdiction to investigate complaints because the Bank was a part of the federal government.

The Bank argues that it is not a federal agency for purposes of Rule 4 because Federal Reserve Banks are distinct from the Board of Governors, owned by commercial banks, and directly supervised in their daily operations by separate boards of directors — not the federal government. Further, the Bank states that Federal Reserve Bank employees are not considered federal employees, officials, or representatives for purposes of 12 U.S.C. § 341. The Bank also contends, inter alia,

-2-

that the plain language of 28 U.S.C. § 451 and relevant case law state that Federal Reserve Banks are not federal agencies.

## II.

"Agency" is not defined in Fed. R. App. P. 4. Since agency is not defined under that Rule, we look to a broader definition in Title 28, under which Rule 4 falls. The applicable definition, found in 28 U.S.C. § 451, states that "[t]he term 'agency' includes any department, independent establishment, commission, administration, authority, board or bureau of the United States or any corporation in which the United States has a proprietary interest, unless the context shows that such term was intended to be used in a more limited sense." We address first whether the Federal Reserve Bank falls under any of these terms.

The Bank does not constitute an "independent establishment." Although the term "independent establishment" is not defined within Title 28, we can infer that it means an independent entity within the executive branch from other parts of the United States Code. See, e.g., 5 U.S.C. § 104. The structure of the Federal Reserve System demonstrates that the Bank does not meet this definition. The Bank is a private, independent entity independently run by its own board of directors. It is not run by the Federal Reserve Board of Governors or any other part of the executive branch. Thus, the Bank "act[s] with sufficient independence under private ownership and control such that they do not qualify as government corporations or independent establishments." Katsiavelos v. Fed. Reserve Bank of Chicago, 859 F. Supp. 1183, 1185 (N.D. Ill. 1994).

The Bank also does not constitute an federal agency based on any "proprietary interest" the United States possesses. The Bank is considered a separate corporation owned solely by commercial banks within its district, distinct from the Board of Governors. See 12 U.S.C. §§ 282, 287, and 341. The United States does not own

-3-

stock in the Bank.  Id.; see also Lewis v. United States, 680 F.2d 1239, 1241 (9th Cir. 1982) (explaining the structure of Federal Reserve Banks).

It could be argued that the United States has a proprietary interest in each Federal Reserve Bank based on the role the Federal Reserve Banks play as the government's fiscal agents and the fact that all of the Bank's profits belong to the United States.  See, e.g., Fed. Reserve Bank of St. Louis v. Metrocentre Improvement Dist., 657 F.2d 183, 185-86 (8th Cir. 1981) (exploring the functions of Federal Reserve Banks); 12 U.S.C. § 289.

We find this basis to be insufficient for two reasons.  First, it is possible to be a fiscal agent or instrumentality of the government without being a federal agency. In Re Hoag Ranches, 846 F.2d 1225, 1227 (9th Cir. 1988) ("Many financial institutions are federally chartered and regulated and are considered federal instrumentalities, without attaining the status of government agencies within the meaning of federal procedural rules.").  The Supreme Court also made this distinction when it stated that "Instrumentalities like the national banks or the federal reserve banks, in which there are private interests, are not departments of the government. They are private corporations in which the government has an interest."  United States Shipping Bd. Emergency Fleet Corp. v. Western Union Tel. Co., 275 U.S. 415, 425-26 (1928).  Similarly, we stated in Metrocentre, 657 F.2d at 185-86, that a Federal Reserve Bank was a federal instrumentality without stating that it was a federal agency.  Thus, the United States has an interest in the Federal Reserve Banks as federally-created instrumentalities but this interest is not proprietary.[1]  Second, although the government may be the creator and beneficiary of the Federal Reserve

_____

[1]In contrast, Congress has stated that other entities are more than just fiscal instrumentalities, they are federal agencies.  See, e.g., 12 U.S.C. § 1819(b)(1) (stating that the Federal Deposit Insurance Corporation is a federal agency).

Bank's operating profits, it is not the "proprietor"[2] of the banks. See In Re Hoag Ranches, 846 F.2d at 1227. As stated above, each Federal Reserve Bank is owned by the commercial banks within its district. Accordingly, although the government may have a substantial interest in the operation of the Federal Reserve Banks, it does not have a proprietary interest in them. We also conclude that the Bank is not a department, commission, administration, authority, or bureau of the federal government.

We now look to any case law that might resolve whether the Bank is a federal agency for purposes of Rule 4. This court has never addressed the question of whether a Federal Reserve Bank is a federal agency for purposes of Rule 4. Several other circuits have considered whether entities were agencies under 28 U.S.C. § 451, although not specifically in reference to Rule 4. See, e.g., Gov't Nat'l Mortgage Ass'n v. Terry, 608 F.2d 614, 620-21 (5th Cir. 1979); Rauscher Pierce Refsnes, Inc. v. FDIC, 789 F.2d 313, 316 (5th Cir. 1986); Acron Invs., Inc. v. Fed. Sav. and Loan Ins. Corp., 363 F.2d 236, 239-40 (9th Cir. 1966). The Ninth Circuit combined each of the factors used in these decisions to address the question of whether a party to an action is an "agency of the United States government" in In Re Hoag Ranches. 846 F.2d at 1225. Although that case did not examine the question for purposes of Rule 4, we find the calculus devised by our sister circuit in that case helpful for the case at bar.

The Ninth Circuit outlined six factors: 1) the extent to which the entity performs a governmental function; 2) the scope of the government's involvement; 3) whether the entity's operations are government financed; 4) whether persons other

---

[2] A proprietor is defined by the Oxford English Dictionary as "One who holds something as property; one who has the exclusive right or title to the use or disposal of a thing; an owner." Oxford English Dictionary, "Proprietor," *available at* http://dictionary.oed.com.

than the government have a proprietary interest in the entity; 5) whether the entity is referred to as an agency in statutes; and 6) whether the entity is treated as a branch of the government for purposes of other statutes. In Re Hoag Ranches, 846 F.2d at 1227-28. These factors, when applied to the instant case, demonstrate that the Bank is not a federal agency.

Applying the Hoag factors, we see first that the Bank at most plays a limited role in carrying out government fiscal functions. The Bank issues currency and handles government securities. See Metrocentre, 657 F.2d at 185 ("[Federal Reserve Banks] conduct important governmental functions regarding the issuance of currency, general fiscal duties of the United States, and, in general, regulate the financial structure, either directly or indirectly, of both federal and state banks."); Federal Reserve Bank of Boston v. Comm'r of Corps. and Taxation of Mass., 499 F.2d 60, 62-63 (1st Cir. 1974) (noting that Federal Reserve Banks further national fiscal policy). However, the Bank does not have the authority to promulgate regulations having the force and effect of law, a power which the Board of Governors may not delegate. 12 U.S.C. § 248(k).

Second, the scope of the government's involvement in the Bank is also limited. Each Federal Reserve Bank is run by a nine-member board of directors which oversees each Bank's day to day operations. 12 U.S.C. §§ 301-304, and 341. The Board of Governors only provides broad, general policy supervision. See, e.g., 12 U.S.C. § 521 (stating that the Board may order the opening or closing of a branch). The employees of the Bank are not government employees. They are at-will employees who are not entitled to participate in the Civil Service Retirement System. Lewis, 680 F.2d 1241. The Bank's employees "are covered by worker's compensation insurance, purchased by the Bank, . . . [not by] the Federal Employees Compensation Act. Id. The Bank can, as in this case, sue and be sued in its individual capacity without being represented by the government. 12 U.S.C. § 341.

Accordingly, although the Bank may play a role in the implementation of federal fiscal policy, it does so independently of any substantial government involvement.

Third, the Bank's operation is not government-financed. The Bank does not receive government appropriations to operate, as does the Board of Governors. See Lewis, 680 F.2d at 1242. It should be noted, however, that the Bank's financing is linked indirectly to the government because banks that wish to join the federal reserve system must purchase stock in the Federal Reserve Bank in their district. 12 U.S.C. §§ 222, 321.

Fourth, persons other than the government have a proprietary interest in the Federal Reserve Banks. Federal Reserve Banks are not listed as either wholly-owned or mixed-ownership corporations under federal law. 31 U.S.C. § 9101. Instead, individual commercial member banks own stock in Federal Reserve Banks and elect a majority (six out of nine) of each bank's board of directors. The Federal Reserve Banks do, as discussed above, give all revenue in excess of expenses to the U.S. Treasury. 12 U.S.C. § 289. The government also receives benefits from Federal Reserve Banks through a surplus account that is controlled by the Treasury Department and may be used to supplement the gold reserve or "applied to the reduction of the outstanding bond indebtedness of the United States." 12 U.S.C. §§ 289-290. Accordingly, although entities other than the federal government have a proprietary interest in the Federal Reserve Banks, this factor also demonstrates the government's interest in the Federal Reserve Banks.

Fifth, no statute designates Federal Reserve Banks as federal agencies. Federal Reserve Banks are authorized to be government fiscal agents and the Federal Reserve Banks and the Treasury refer to the Federal Reserve Banks as fiscal agents of the United States. 12 U.S.C. § 391 (stating that the Federal Reserve Banks are fiscal agents of the government); see, e.g., 31 C.F.R. §210.7 (referring to the Federal Reserve Banks as fiscal agents of the government). However, at least one circuit, the

Second Circuit, has held that acting as an agent for the government does not make that entity a federal agency. Cohen v. Empire Blue Cross and Blue Shield, 176 F.3d 35, 42 (2d Cir. 1999).

Sixth, although no statute designates the Federal Reserve Banks as federal agencies, some courts have treated the Federal Reserve Banks as federal agencies in other contexts. See, e.g., Taxation of Mass., 499 F.2d at 62 (stating that the interests of the banks are indistinguishable from those of the federal government in the context of fiscal policy); Brink's, Inc. v. Bd. of Governors of Fed. Reserve Sys., 466 F. Supp. 116, 117-18 (D.D.C. 1979) (noting that the Federal Reserve Banks are agencies for purposes of the Service Contract Act).

In other contexts the Federal Reserve Banks have been deemed not to be part of the federal government, such as in the area of the Federal Tort Claims Act. See, e.g., Lewis, 680 F.2d at 1243 (holding that the banks are not federal agencies for purposes of the Federal Tort Claims Act); Katsiavelos, 859 F. Supp. at 1185 (holding that portions of the Rehabilitation Act pertaining to executive agencies did not apply to the Federal Reserve Bank of Chicago); EEOC Enforcement Guidance on Coverage of Federal Reserve Banks, Decision NO. N-915-002, 1993 WL 452695 (Oct. 20, 1993) (stating that Federal Reserve Banks should be treated as private employers for purposes of certain federal employment discrimination statutes).

Most of the cases in which a Federal Reserve Bank has been found to be an agency of the United States concern the tax-exempt status of the Federal Reserve Banks. Scott asserts that this status, as a tax-exempt federal instrumentality, makes the Bank a federal agency. This argument is diminished by the fact that Congress codified this tax-exempt status without any statement that the Federal Reserve Banks are federal agencies. 12 U.S.C. § 531 (exempting Federal Reserve Banks from federal, state, and local taxes except real estate taxes without referring to banks as federal agents).

Most importantly, the rationale behind Rule 4, that it is necessary to provide extra time for government agencies to decide how to handle an appeal, is not applicable in this case. Cohen, 176 F.3d at 40. "The rationale for this distinction is that 'the government often needs more than 30 days in which to decide whether to appeal, because several departments may be involved in the decision.'" Id. (quoting Rochester Methodist Hosp. v. Travelers Ins. Co., 728 F.2d 1006, 1011 (8th Cir. 1984)). The Bank does not need to consult the United States Attorney or even the Board of Governors to pursue legal action. The Bank only needs to discuss what course of action to take with its private counsel, just like any other party to litigation. Lewis 680 F.2d at 1242. Thus, the rationale behind Rule 4 does not apply to the Federal Reserve Banks and does not justify labeling the Bank a federal agency.

In light of the definition of agency in Title 28, the Hoag analysis, and the fact that the purpose of Rule 4 is not particularly well-served by declaring the banks to be federal agencies, we conclude that the Federal Reserve Bank of Kansas City is not a federal agency. Accordingly, the motion to dismiss the appeal is granted.

———————————————