**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 9, 2009

No. 07-30831

WILLIAM DWYER, JR.; CYNTHIA DWYER

Plaintiffs-Appellees

v.

FIDELITY NATIONAL PROPERTY AND CASUALTY INSURANCE
COMPANY

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Louisiana

Before JONES, Chief Judge, JOLLY, Circuit Judge, and CARDONE,[*] District
Judge.

EDITH H. JONES, Chief Judge:

William and Cynthia Dwyer ("Dwyers") sued Fidelity National Property
and Casualty Insurance Company ("Fidelity") for insurance payments on their
home damaged by Hurricane Katrina. Shortly before trial, Fidelity sought to
compel non-binding appraisal of the damages, pursuant to the contract. The
district court denied this request as untimely and, following a bench trial,
awarded the Dwyers $56,963.19 in damages and $22,927.88 in attorneys' fees
under the Equal Access to Justice Act. Because the district erred in denying

---

[*] District Judge of the Western District of Texas, sitting by designation.

Fidelity's motion to compel appraisal and in awarding attorneys' fees, we vacate the judgment and remand for appraisal as required by regulations of the National Flood Insurance Program.

## I. BACKGROUND

Congress created the National Flood Insurance Program ("NFIP") to offer flood insurance at rates that were uneconomical for private companies. *Gowland v. Aetna*, 143 F.3d 951, 953 (5th Cir. 1998). The Federal Emergency Management Agency ("FEMA") administers the program and has established, by regulation, the Standard Flood Insurance Policy ("SFIP"), 44 C.F.R. § 61.13. SFIPs may be purchased either directly from FEMA or through private insurers. *Marseilles Homeowners Condo. Ass'n, Inc. v. Fidelity Nat'l Ins. Co.*, 542 F.3d 1053, 1054 (5th Cir. 2008) (per curiam). Private insurers offering these policies are called "Write Your Own" ("WYO") companies and act as fiscal agents of the United States. Any payment on the policy ultimately comes from the United States treasury. 42 U.S.C. § 4082; *Gallup v. Omaha Prop. & Cas. Ins. Co.*, 434 F.3d 341, 342 (5th Cir. 2005). WYO insurance carriers may not alter, vary, or waive the terms of the SFIP contract. 44 C.F.R. § 61.13(d).

The Dwyers purchased an SFIP from Fidelity to protect their home in Slidell, Louisiana, obtaining $250,000 coverage for the building and $100,000 for its contents. Hurricane Katrina's wind and flood buffeted the home in August 2005. Following inspection by an independent adjuster, Fidelity paid the policy limit for contents and $86,629[1] for flooding-related building damages. After the first set of checks did not arrive, Fidelity mailed a second set, which the Dwyers received in December.

On February 21, 2006, Dwyer sent a certified letter to both Fidelity and Traveler's Insurance Company ("Traveler's"), whose homeowner's insurance

---

[1] The actual estimated damages were roughly $2,700 more but were reduced for depreciation.

policy on the Dwyer dwelling covers wind damage. The letter stated that a contractor's estimate to repair the house was roughly $100,000 more than the combined amounts paid by Fidelity and Traveler's. Dwyer wrote that neither he nor the contractor could accurately distinguish between wind and flood damage, so Dwyer recommended each company pay the additional expenses in proportion to the amount it had already paid. Based on this calculation, he requested an additional $85,471.89 from Fidelity.

Fidelity instructed the Dwyers to contact the adjuster and faxed a copy of the letter to him. Apparently no further action occurred, and the Dwyers sued Fidelity on August 25, 2006, seeking additional money under the policy and damages under federal common law for bad faith claim adjustment. The complaint does not limit its allegations to undervaluation of the Dwyers' loss nor does it disavow a claim to increase Fidelity's share of the wind/water allocation, and it includes claims such as "failing to properly train its adjusters and agents," which could be related to valuation, coverage, or both.

In its answer, Fidelity denied liability and stated:

> If these Plaintiffs' SFIP claims dispute reaches a point where it is established that there is (1) full and complete compliance with all conditions precedent to the making of a claim, and (2) resolution and agreement upon all issues of both coverage and the scope of the loss, then in that event (but not until that event) Defendant affirmatively asserts and invokes the appraisal clause of the SFIP. 44 C.F.R. Pt. 61, App. A(1), Art. VII(P).

The appraisal clause allows either party to demand non-binding appraisal of the amount of loss, but FEMA regulations permit a claimant dissatisfied with the appraisal amount to sue. *See* 44 C.F.R. § 62.22(a) ("[U]pon the refusal of the claimant to accept the amount allowed upon any claim after appraisal pursuant to policy provisions, the claimant . . . may . . . institute an action on such claim against the insurer . . . .").

The case proceeded until January 5, 2007, when, as part of their expert witness disclosure, the Dwyers provided Fidelity with a detailed repair estimate from Louis Velez, a certified contractor. The Velez estimate duplicates the adjuster's earlier estimate but states higher prices for the work. This document convinced Fidelity that the scope of coverage was undisputed, and the dispute was limited to costs. The insurer demanded, as stated in its answer, that the claim undergo appraisal. When the Dwyers refused, Fidelity filed a motion to compel appraisal on February 13.

Because the trial date was close at hand, the district court denied the motion as untimely. After a four-day bench trial, the court awarded the Dwyers the difference between Velez's estimate and the money already paid by Fidelity. In addition, the court awarded the Dwyers their attorneys' fees, finding that Fidelity qualified as a "federal agency" under the Equal Access to Justice Act. Fidelity appeals both rulings.

## II. APPRAISAL

The relevant portion of the appraisal clause in the SFIP contract states:[2] "If you and we fail to agree on the actual cash value or, if applicable, replacement cost of your damaged property to settle upon the amount of loss, then either may demand an appraisal of the loss." 44 C.F.R. Pt. 61, App. A(1), Art. VII(P). This appraisal is not an arbitration and is not governed by the Federal Arbitration Act (FAA). *See Hartford Lloyd's Ins. Co. v. Teachworth*, 898 F.2d 1058 (5th Cir. 1990) (distinguishing between insurance appraisals and arbitrations). We thus construe the SFIP according to federal common law, 44 C.F.R. Pt. 61, App. A(1), Art. IX, and do not apply the FAA's presumption in favor of arbitration. *See Moses H. Cone Memorial Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 24–25, 103 S. Ct. 927 (1983).

---

[2] The appraisal clause also includes procedures for the appraisal, but these are not at issue here.

The district court did not state why it denied Fidelity's motion to compel other than to say "it comes too late on the eve of trial," suggesting that Fidelity waived the appraisal provision.[3] Like any other contract term, the appraisal provision may be waived by conduct inconsistent with invocation of the provision. *Burton-Dixie Corp. v. Timothy McCarthy Const. Co.*, 436 F.2d 405, 407–08 (5th Cir. 1971). The Fifth Circuit treats waiver as a question of law, which we review *de novo*, although we review the factual conclusions underlying that finding for clear error. *Price v. Drexel Burnham Lambert, Inc.*, 791 F.2d 1156, 1159 (5th Cir. 1986).

Fidelity contends that under the terms of the SFIP, it cannot waive this provision. 44 C.F.R. § 61.13(d). Analogizing to the requirement that SFIP claimants submit a formal proof of loss statement, Fidelity asserts that the appraisal clause cannot be waived without the express written consent of the Federal Insurance Administrator. *Gowland v. Aetna*, 143 F.3d 951, 954–55 (5th Cir. 1998) ("When federal funds are involved, the judiciary is powerless to uphold a claim of estoppel because such a holding would encroach upon the appropriation power granted exclusively to Congress by the Constitution."). The analogy is unpersuasive. The "Requirements in Case of Loss" portion of the SFIP states: "In case of a flood loss to insured property, *you must*: [w]ithin 60 days after the loss, send us a proof of loss . . . ." 44 C.F.R. Pt. 61, App. A(1), Art. VII(J)(4) (emphasis added). A proof of loss is mandated as a requirement for disbursing funds from the public treasury. *Gowland*, 143 F.3d at 955. In contrast, the appraisal clause provides an option for dispute resolution that either party *may* invoke. 44 C.F.R. Pt. 61, App. A(1), Art. VII(P). The

---

[3] If the district court believed Fidelity knew earlier that the dispute extended only to pricing, this finding would be clearly wrong. Before they produced the Velez estimate, the Dwyers had not clarified that they only disputed the amount of loss, and the relative scope of flood and wind damage seemed to be at issue.

regulations authorize Fidelity to satisfy a flood insurance claim without appraisal if Fidelity never requests one. It stands to reason that Fidelity could also acquiesce in payment by judgment following trial rather than opt for appraisal. Moreover, Fidelity could acquiesce in the litigation process even after becoming aware that a claim was limited to a dispute covered by the appraisal clause. In the last circumstance, waiver of the appraisal option does not contravene the regulations' intent but fosters efficiency in claim resolution.

The Dwyers, in contrast, argue that appraisal cannot be requested after suit has been filed. They offer no authority[4] to support their position. Nothing in the clause or the contract as a whole establishes a time limit for invoking the appraisal clause. Contractual clauses cannot be evaded by racing to the courthouse, and appraisal and arbitration clauses are routinely invoked during litigation. *E.g.*, *Hill v. G E Power Sys., Inc.*, 282 F.3d 343 (5th Cir. 2002) (arbitration); *Terra Indus., Inc. v. Commonwealth Ins. Co.*, 981 F. Supp. 581, 600 (N.D. Iowa 1997) (appraisal). Consequently, the appraisal clause may be invoked after suit, provided that the failure to do so has not amounted to waiver.

With these principles in mind, we turn to the facts. The district court incorrectly homed in on the interval between the appraisal request and the trial date. The appropriate waiver inquiry examines Fidelity's knowledge and action—when Fidelity knew that the appraisal clause could be invoked, whether it reacted timely to the knowledge. Fidelity first learned that the Dwyers

---

[4] Footnote 4 on page 17 of the appellees' brief quotes deposition testimony from the FEMA Director of Claims in an unrelated case, which states his belief that the appraisal clause cannot be invoked after a lawsuit has been filed. Quoting this testimony is both inappropriate, as it is outside the record, and misleading in light of the government's errata sheet to the deposition, which the Dwyers' received before filing their brief. The errata sheet explained:

> The answer was mistaken. There is no FEMA policy that prevents an NFIP insured or an insurer from invoking the apprisal clause under the appropriate circumstances after a lawsuit has been filed.

This comes dangerously close to sanctionable behavior. We GRANT Appellant's motion to strike footnote 4 on page 17 of Appellees' brief.

disputed only the amount of loss, not coverage or other issues, on January 5, when it received the Velez estimate. Five weeks later, after informal requests failed, Fidelity formally moved the court to compel appraisal. Fidelity did not sit on its rights. In the context of the ongoing litigation, Fidelity raised the issue of appraisal in a timely fashion. The district court erred in denying the motion to compel appraisal.

The Dwyers complain of the costs they incurred for litigation—hiring an expert, taking depositions, and preparing for trial. However, the responsibility for the late appraisal request rests entirely upon them. At any time, beginning with the filing of their complaint, the Dwyers could have clarified that they sought only to challenge the amount of costs estimated by the adjuster. Their failure to do so cannot lead to the conclusion that Fidelity waived its right to appraisal.

Anticipating the result if its appraisal point should prevail, Fidelity asserts that by not acquiescing in the appraisal, the Dwyers breached the insurance contract and have forfeited any recovery under the policy. We disagree. Fidelity cannot exploit noncompliance blessed by a district judge to reap a windfall under the policy. Fidelity sought appraisal, the district court found that Fidelity had waived its rights, and the Dwyers acted accordingly. Contrary to Fidelity's assertions, the Dwyers did not "refuse[] to comply with the basic rules of the program."

Fidelity is correct, however, in its emphasis on the importance of the terms of the SFIP and the need for compliance with the procedures there set forth. Although the expenditure of judicial resources that occurred here is unfortunate, and we are hesitant to vacate the result of a completed trial, the appropriate remedy is to enforce the contract and provide Fidelity with a nonbinding appraisal under the SFIP. We vacate the district court's judgment and remand with instructions to compel appraisal pursuant to the SFIP.

## III. ATTORNEYS' FEES

Although vacating the judgment perforce eliminates the attorneys' fee award at this stage, we address this issue lest it be resuscitated after further proceedings. The district court predicated its award of attorneys' fees on Fidelity's pre-suit "failure to act upon the Dwyers' supplemental flood claims."

The basis for the award was the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, which states:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action (other than cases sounding in tort) . . . brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). The statute defines "Unites States" to include "any agency or any official of the United States acting in his or her official capacity." 28 U.S.C. § 2412(d)(2)(C). Fidelity is neither the United States nor an official of the United States. The district court applied the definition of "federal agency" found in the National Flood Insurance Act. This would be a plausible source were it not for the portion of Title 28 defining terms as they are used in that title itself:

> As used in this title:
>
> . . .
>
> The term "agency" includes any department, independent establishment, commission, administration, authority, board or bureau of the United States or any corporation in which the United States has a proprietary interest, unless the context shows that such term was intended to be used in a more limited sense.

28 U.S.C. § 451. Fidelity, a private insurer, cannot be characterized as a department, commission, administration, authority, board, or bureau of the United States. For the Dwyers to recover EAJA fees, Fidelity must qualify as an "independent establishment" or a "corporation in which the United States has

a proprietary interest." An "independent establishment," however, is "an independent entity *within the executive branch*." *Scott v. Fed. Reserve Bank of Kansas City*, 406 F.3d 532, 535 (8th Cir. 2005) (emphasis added). Fidelity is not so situated, nor is Fidelity "a corporation in which the United States has a proprietary interest." *See id.*

Finally, although Fidelity acts as a fiscal agent of the United States, "it is possible to be a fiscal agent . . . of the government without being a federal agency." *Id.* (citing *In Re Hoag Ranches*, 846 F.2d 1225, 1227 (9th Cir. 1988)). The SFIP regulations expressly state:

> A WYO Company shall act as a fiscal agent of the Federal Government, but not as its general agent. WYO Companies are solely responsible for their obligations to their insured under any flood insurance policies issued under agreements entered into with the Administrator, such that the Federal Government is not a proper party defendant in any lawsuit arising out of such policies.

44 C.F.R. § 62.23(g). In analyzing the definition of "federal agency" under the Federal Tort Claims Act, the Supreme Court admonished that although "[b]illions of dollars of federal money are spent each year on projects performed by people and institutions which contract with the Government" and "the Government may fix specific and precise conditions to implement federal objectives," such contracts and regulations do not transform private actors into federal agencies. *United States v. Orleans*, 425 U.S. 807, 815–16, 96 S. Ct. 1971, 1976–77 (1976). Likewise, serving as a fiscal agent and a participant in a heavily regulated federal program did not transform Fidelity into a federal agency under the EAJA.

The district court correctly noted that the EAJA would apply to a suit against FEMA. *See In re Estate of Lee*, 812 F.2d 253 (5th Cir. 1987). The district court might be correct in concluding that allowing suit against private insurers is a mere formality imposed by regulation, but regardless, the EAJA must be

applied according to its terms. This court does not second-guess Congress's policy decisions. *See Harbison v. Bell*, ____ U.S. ____, ____ S. Ct. ____, 2009 WL 838173, at *11 (Apr. 1, 2009) (Thomas, J., concurring).

This conclusion is consistent with that reached by several district courts. *See Dickerson v. State Farm Fire and Cas. Co.*, 2007 WL 1537631, at *4, No. 06-5181 (E.D. La. May 23, 2007) ("[W]hile State Farm is a WYO carrier participating in the NFIP as fiscal agent for the United States, it is not an agency of the United States as required by the EAJA."); *Schopen v. State Farm Ins. Co.*, 1996 WL 696444, at *2, No. 96-1892 (E.D. La. Dec. 2, 1996) ("Section 2412(b) only applies to civil actions which are 'brought . . . against the United States.' State Farm is neither the United States nor an agency of the United States."). The district court erred in awarding EAJA fees to the Dwyers.

## III. CONCLUSION

Because the district court incorrectly held that Fidelity waived its right to appraisal under the SFIP, we vacate the judgment, including the attorneys' fee award, and remand for appraisal and for further proceedings consistent herewith.

**JUDGMENT VACATED AND REMANDED.**