# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
May 16, 2011

Lyle W. Cayce
Clerk

No. 10-30708

WILLIAM DWYER, JR.; CYNTHIA DWYER,

Plaintiffs - Appellees

v.

FIDELITY NATIONAL PROPERTY AND CASUALTY INSURANCE COMPANY,

Defendant - Appellant

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:06-CV-4793

Before REAVLEY, GARZA, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Appellant Fidelity National Property and Casualty Insurance Company ("Fidelity") appeals the judgment entered against it in the amount of $56,963.19 plus post-judgment interest. We reverse and render judgment for Appellees William and Cynthia Dwyer (the "Dwyers") in the amount of $1,552.51.

Hurricane Katrina destroyed the Dwyers' home, which they insured against flooding under the National Flood Insurance Program ("NFIP"), 42

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-30708

U.S.C. § 4001 *et seq.* FEMA, the agency to which Congress delegated authority for the administration of the NFIP, has authorized private insurance companies, called Write-Your-Own or WYO companies, to offer flood insurance. 44 C.F.R. § 62.23. These WYO's arrange for the adjustment, settlement, payment and defense of claims arising from the policies. The funds to pay the claims come from the United States Treasury. WYO companies are required to use, without change, the Standard Flood Insurance Policy ("SFIP") promulgated by FEMA. *Id.* § 61.13. Fidelity is the WYO company that issued the Dwyers' flood insurance policy. The Dwyers filed a claim for flood damage that is the subject of this suit.

This is not our first encounter with this particular litigation. On appeal the first time, Fidelity appealed the District Court's entry of judgment for the Dwyers, arguing that the SFIP required the parties to participate in an appraisal process. We agreed, vacated the District Court's judgment and remanded with instructions to compel appraisal pursuant to the SFIP. *Dwyer v. Fidelity Nat'l Prop. & Cas. Ins. Co.*, 565 F.3d 284, 290 (5th Cir. 2009).

On remand, the parties moved for the appointment of an umpire. The umpire submitted to the District Court an appraisal. The appraisal consisted of the amount of damage to the Dwyers' home and a mark-up for overhead and profit.[1] Fidelity contested the umpire's addition of overhead and profit but accepted the umpire's damage figure, which was approximately $1,500 more than Fidelity's original estimate. Overhead and profit is a pass-through cost intended to reimburse homeowners for the expense of using a general contractor. Since the Dwyers sold their home unrepaired, they never incurred and will never

---

[1] Overhead and profit represents the normal industry mark-up for using a general contractor. FEMA allows for a 10% increase to the claim when a home repair will require three or more trades, e.g., plumber, roofer, and electrician.

incur the cost of a general contractor.  They are not entitled to overhead and profit.

The SFIP is the contract which governs the relationship between the Dwyers and Fidelity.  The SFIP's appraisal clause states that "[a] decision agreed to by any two *will* set the amount of actual cash value and loss, or if it applies, the replacement cost and loss." 44 C.F.R., Pt. 61, App. A(1), Art. VII(P) (emphasis added).  Fidelity told the District Court that absent the improper award of overhead and profit, it agreed with the umpire's appraisal.  Because we have determined that the award of overhead and profit was erroneous, Fidelity and the umpire agree.  Therefore, pursuant to the agreement between the parties, Fidelity and the umpire have set the amount of loss.  The umpire valued the Dwyers' loss at $106,418.01, including overhead and profit.  Fidelity calculates, and the Dwyers do not dispute, that the umpire's appraisal minus overhead and profit, the policy deductible of $500, and the amount Fidelity has already paid to the Dwyers equals $1,552.51.  Accordingly, we enter judgment for the Dwyers in the amount of $1,552.51 with no post-judgment interest.

REVERSED AND RENDERED.

No. 10-30708

LESLIE H. SOUTHWICK, Circuit Judge, dissenting.

My disagreement with the majority turns on one consideration, which is the failure of Fidelity to complain in its 2007 appeal about the inclusion of overhead and profit in the district court's earlier award. Consequently, the law-of-the-case doctrine should bar our addressing the issue now.

I first examine that earlier appeal. Fidelity had challenged the district court's award of $56,963.19 as damages, which included an amount for overhead and profit, and $22,927.88 in attorneys' fees. *Dwyer v. Fidelity Nat'l Prop. and Cas. Ins. Co.,* 565 F.3d 284, 285 (5th Cir. 2009) (*Dwyer I*). Fidelity raised four issues, none of which concerned the award of overhead and profit. *See* Brief of Appellant, *Dwyer I*, No. 07-30831 (5th Cir. Dec. 10, 2007). We concluded that attorneys' fees could not be awarded. *Dwyer I*, 565 F.3d at 290. We also held that the district court erred in not allowing the Standard Flood Insurance Policy's appraisal process to be followed. *Id.* at 288.

Had Fidelity on that first appeal challenged the inclusion of overhead and profit, we could have addressed whether the district court could include such charges after the remand. Not having done so, law-of-the-case principles bar consideration of that objection now.

> "Under the law of the case doctrine, an issue of law or fact decided on appeal may not be reexamined either by the district court on remand or by the appellate court on a subsequent appeal." *United States v. Becerra*, 155 F.3d 740, 752 (5th Cir.1998) (internal quotation marks omitted). This doctrine is "predicated on the premise that there would be no end to a suit if every obstinate litigant could, by repeated appeals, compel a court to listen to criticisms on their opinions or speculate of chances from changes in its members." *Id.* (internal quotation marks omitted).

*Tollett v. City of Kemah*, 285 F.3d 357, 363-64 (5th Cir. 2002). "All other issues not arising out of this court's ruling and not raised before the appeals court, which could have been brought in the original appeal, are not proper for

reconsideration by the district court below." *United States v. Marmolejo*, 139 F.3d 528, 531 (5th Cir. 1998).

This current appeal is a good example of the desirability of that rule. After the remand, the appraisal umpire found that the total amount Fidelity was obligated to pay Dwyer was $106,418.01, a figure that included an amount for overhead and profit. Fidelity had already paid $86,629, and therefore would still owe about $20,000. Fidelity made the legal argument that overhead and profit could not be awarded, but it otherwise accepted the umpire's appraisal. Now this court is setting aside the overhead and profit component of the umpire's appraisal because of an argument that could have been but was not raised on the first appeal. I would reject the argument as coming too late.

I acknowledge that the majority's view is not unreasonable. It might be fair to characterize the remand as requiring a new beginning to the valuation. Nonetheless, the umpire's appraisal ended up being acceptable to Fidelity except for a category of payment that it failed to challenge in the initial appeal. Accordingly, Fidelity as repeat appellant has doubled the work of this court: it could have obtained the needed ruling in the first appeal and avoided the need for a second appeal to resolve the issue. I would not reward that inefficiency.

For similar reasoning as the majority employs to determine that Fidelity agreed to the umpire's valuation absent a legally unavailable amount for overhead and profit, I conclude that Fidelity agreed to the entire valuation because the legal challenge had already been waived. I would order the amount of the umpire's appraisal to be awarded, less the payments already made.