PER CURIAM: *
Appellant Fidelity National Property and Casualty Insurance Company (“Fidelity”) appeals the judgment entered against *271 it in the amount of $56,963.19 plus post-judgment interest. We reverse and render judgment for Appellees William and Cynthia Dwyer (the “Dwyers”) in the amount of $1,552.51.
Hurricane Katrina destroyed the Dwyers’ home, which they insured against flooding under the National Flood Insurance Program (“NFIP”), 42 U.S.C. § 4001 et seq. FEMA, the agency to which Congress delegated authority for the administration of the NFIP, has authorized private insurance companies, called Write-Your-Own or WYO companies, to offer flood insurance. 44 C.F.R. § 62.23. These WYO’s arrange for the adjustment, settlement, payment and defense of claims arising from the policies. The funds to pay the claims come from the United States Treasury. WYO companies are required to use, without change, the Standard Flood Insurance Policy (“SFIP”) promulgated by FEMA. Id. § 61.13. Fidelity is the WYO company that issued the Dwyers’ flood insurance policy. The Dwyers filed a claim for flood damage that is the subject of this suit.
This is not our first encounter with this particular litigation. On appeal the first time, Fidelity appealed the District Court’s entry of judgment for the Dwyers, arguing that the SFIP required the parties to participate in an appraisal process. We agreed, vacated the District Court’s judgment and remanded with instructions to compel appraisal pursuant to the SFIP. Dwyer v. Fidelity Nat’l Prop. & Cas. Ins. Co., 565 F.3d 284, 290 (5th Cir.2009).
On remand, the parties moved for the appointment of an umpire. The umpire submitted to the District Court an appraisal. The appraisal consisted of the amount of damage to the Dwyers’ home and a mark-up for overhead and profit.[1] Fidelity contested the umpire’s addition of overhead and profit but accepted the umpire’s damage figure, which was approximately $1,500 more than Fidelity’s original estimate. Overhead and profit is a pass-through cost intended to reimburse homeowners for the expense of using a general contractor. Since the Dwyers sold their home unrepaired, they never incurred and will never incur the cost of a general contractor. They are not entitled to overhead and profit.
The SFIP is the contract which governs the relationship between the Dwyers and Fidelity. The SFIP’s appraisal clause states that “[a] decision agreed to by any two will set the amount of actual cash value and loss, or if it applies, the replacement cost and loss.” 44 C.F.R., Pt. 61, App. A(l), Art. VII(P) (emphasis added). Fidelity told the District Court that absent the improper award of overhead and profit, it agreed with the umpire’s appraisal. Because we have determined that the award of overhead and profit was erroneous, Fidelity and the umpire agree. Therefore, pursuant to the agreement between the parties, Fidelity and the umpire have set the amount of loss. The umpire valued the Dwyers’ loss at $106,418.01, including overhead and profit. Fidelity calculates, and the Dwyers do not dispute, that the umpire’s appraisal minus overhead and profit, the policy deductible of $500, and the amount Fidelity has already paid to the Dwyers equals $1,552.51. Accordingly, we enter judgment for the Dwyers in the amount of $1,552.51 with no post-judgment interest.
REVERSED AND RENDERED.

 Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

. Overhead and profit represents the normal industry mark-up for using a general contractor. FEMA allows for a 10% increase to the claim when a home repair will require three or more trades, e.g., plumber, roofer, and electrician.