*272 LESLIE H. SOUTHWICK, Circuit Judge,
dissenting.
My disagreement with the majority turns on one consideration, which is the failure of Fidelity to complain in its 2007 appeal about the inclusion of overhead and profit in the district court’s earlier award. Consequently, the law-of-the-case doctrine should bar our addressing the issue now.
I first examine that earlier appeal. Fidelity had challenged the district court’s award of $56,963.19 as damages, which included an amount for overhead and profit, and $22,927.88 in attorneys’ fees. Dwyer v. Fidelity Nat’l Prop. and Cas. Ins. Co., 565 F.3d 284, 285 (5th Cir.2009) (Dwyer I). Fidelity raised four issues, none of which concerned the award of overhead and profit. See Brief of Appellant, Dwyer I, No. 07-30831 (5th Cir. Dec. 10, 2007). We concluded that attorneys’ fees could not be awarded. Dwyer I, 565 F.3d at 290. We also held that the district court erred in not allowing the Standard Flood Insurance Policy’s appraisal process to be followed. Id. at 288.
Had Fidelity on that first appeal challenged the inclusion of overhead and profit, we could have addressed whether the district court could include such charges after the remand. Not having done so, law-of-the-case principles bar consideration of that objection now.
“Under the law of the case doctrine, an issue of law or fact decided on appeal may not be reexamined either by the district court on remand or by the appellate court on a subsequent appeal.” United States v. Becerra, 155 F.3d 740, 752 (5th Cir.1998) (internal quotation marks omitted). This doctrine is “predicated on the premise that there would be no end to a suit if every obstinate litigant could, by repeated appeals, compel a court to listen to criticisms on their opinions or speculate of chances from changes in its members.” Id. (internal quotation marks omitted).
Tollett v. City of Kemah, 285 F.3d 357, 363-64 (5th Cir.2002). “All other issues not arising out of this court’s ruling and not raised before the appeals court, which could have been brought in the original appeal, are not proper for reconsideration by the district court below.” United States v. Marmolejo, 139 F.3d 528, 531 (5th Cir.1998).
This current appeal is a good example of the desirability of that rule. After the remand, the appraisal umpire found that the total amount Fidelity was obligated to pay Dwyer was $106,418.01, a figure that included an amount for overhead and profit. Fidelity had already paid $86,629, and therefore would still owe about $20,000. Fidelity made the legal argument that overhead and profit could not be awarded, but it otherwise accepted the umpire’s appraisal. Now this court is setting aside the overhead and profit component of the umpire’s appraisal because of an argument that could have been but was not raised on the first appeal. I would reject the argument as coming too late.
I acknowledge that the majority’s view is not unreasonable. It might be fair to characterize the remand as requiring a new beginning to the valuation. Nonetheless, the umpire’s appraisal ended up being acceptable to Fidelity except for a category of payment that it failed to challenge in the initial appeal. Accordingly, Fidelity as repeat appellant has doubled the work of this court: it could have obtained the needed ruling in the first appeal and avoided the need for a second appeal to resolve the issue. I would not reward that inefficiency.
For similar reasoning as the majority employs to determine that Fidelity agreed to the umpire’s valuation absent a legally *273 unavailable amount for overhead and profit, I conclude that Fidelity agreed to the entire valuation because the legal challenge had already been waived. I would order the amount of the umpire’s appraisal to be awarded, less the payments already made.