HAYNES, Circuit Judge, concurring:
Because we are bound by precedent to apply § 4072 to a WYO carrier, I concur in the judgment of the court in this case. I write separately because, unlike the majority opinion, I conclude that our precedent wrongly construes § 4072 in a counter-textual fashion.
We should instead begin and end with the plain text of the statute, which refers only to suits against the FEMA Administrator. See 42 U.S.C. § 4072. As quoted in the majority opinion, the statute clearly states, in relevant part, "the claimant ... may institute an action against the Administrator on such claim."[1] Id . (emphasis added). In turn, the term "Administrator" is defined as the "Administrator of the Federal Emergency Management Agency," while "Write Your Own" describes "the cooperative undertaking between the insurance industry and the Federal Insurance Administration which allows participating property and casualty insurance companies to write and service standard flood insurance policies." Id . § 4004 (a) (3), (5).
The text is unambiguous; it simply does not mention WYO carriers. If Congress had intended § 4072 to apply to WYO carriers it could have added that to the provision. See BedRoc Ltd., LLC v. United States , 541 U.S. 176, 183, 124 S.Ct. 1587, 158 L.Ed.2d 338 (2004) ("The preeminent canon of statutory interpretation requires us to 'presume that the legislature says in a statute what it means and means in a statute what it says there.' ") (brackets omitted) (quoting Conn. Nat'l Bank v. Germain , 503 U.S. 249, 253-54, 112 S.Ct. 1146, 117 L.Ed.2d 391 (1992) ).
The Second Circuit, although agreeing that " § 4072 does not expressly indicate that anyone other than the [Administrator] may be sued," nevertheless concluded that *140 the provision was ambiguous because the word "against" "could mean either 'having as defendant' or 'opposed to'." Palmieri v. Allstate Ins. Co. , 445 F.3d 179, 186 (2d Cir. 2006). This seems to be searching for an ambiguity where one does not exist; taken at its ordinary meaning, the phrase "the claimant ... may institute an action against the Administrator," seems clearly to contemplate an insured suing the FEMA Administrator.
But even assuming there is some ambiguity in the provision, I agree with the Seventh Circuit that although WYO carriers stand in the shoes of the Administrator in many respects, that does not compel the conclusion that § 4072 applies to WYO carriers. See Downey v. State Farm Fire & Cas. Co ., 266 F.3d 675, 680 (7th Cir. 2001). The Seventh Circuit disagreed with the Third Circuit's conclusion that § 4072 applies to WYO carriers because under FEMA regulations, WYO carriers are (1) fiscal agents of the United States, (2) reimbursed by FEMA for defense costs, and (3) required to pay excess proceeds to the Federal Insurance Association, and FEMA ultimately pays the insurance claims. Id . at 679-80 ; see Van Holt v. Liberty Mut. Fire Ins. Co. , 163 F.3d 161, 166 (3d Cir. 1998). The Seventh Circuit concluded that FEMA's financial obligations meant there was a federal interest, and thus federal jurisdiction under 28 U.S.C. § 1331, but the federal interest did not mean that a lawsuit against a WYO carrier was in fact a lawsuit against FEMA. Downey , 266 F.3d at 680-82. This reasoning makes the most sense in light of the text of the provision itself. As the Seventh Circuit pointed out, courts do not "typically look to see who will be affected by a decision" for "jurisdictional purposes." Id . at 680.
Further, although WYO carriers are "place-holder[s]" for FEMA in many respects, id ., they are independent in other respects. As Ekhlassi points out in his supplemental briefing, FEMA regulations provide that WYO carriers (1) "arrange for the adjustment, settlement, payment and defense of all claims arising from policies of flood insurance [they] issue[ ]," (2) use their "own customary standards, staff and independent contractor resources," and (3) "are solely responsible for their obligations to their insured ... such that the Federal Government is not a proper party defendant in any lawsuit arising out of such policies." 44 C.F.R. § 62.23 (d), (e), (g).
Also, WYO carriers are fiscal agents, but not general agents, of the United States. Id . § 62.23 (g) ; cf. Dwyer v. Fidelity Nat. Prop. & Cas. Ins. Co. , 565 F.3d 284, 289 (5th Cir. 2009). It is one thing to have a cooperative relationship with a private insurance carrier, quite another to transform that carrier into a governmental entity. We should not assume Congress made that transformation sub silentio .
Thus, while I respect and agree that we are bound by precedent, I disagree that our precedent is correct. For that reason, I concur in the judgment but not in the reasoning beyond citing precedent.

I note that the one-year statute of limitations would be applicable here regardless of whether "Administrator" under § 4072 encompasses the WYO carrier because Paragraph VII.R. of the applicable insurance policy issued to Ekhlassi states that "you must start the suit within one year after the date of the written denial of all or part of the claim."